Abraham N. Geller, J.
Plaintiff moves for summary judgment in an action seeking recovery of payments provided in a separation agreement executed on June 17, 1963, which was incorporated, though not merged, in a Mexican decree of divorce obtained by her on June 22, 1963. Defendant made all required payments up to September 14, 1964. Plaintiff’s action is to recover the $125 weekly payments from September 14, 1964 to date of judgment. Her first cause of action is based upon the separation agreement and her second cause of action upon the Mexican decree. The third cause of action is for expenses, including counsel fees, as provided in the agreement for either party required to sue to enforce any provision therein.
On July 10, 1964 it was held in Viles v. Viles (14 N Y 2d 365) by a closely divided court that defendant husband had established at the trial his defense of illegality to his former wife’s action to recover arrears due under a separation agreement, upon a showing that the agreement was conditioned upon a contemporaneous oral agreement that the wife would go to the Virgin Islands for the purpose of obtaining a divorce, together with payment of her traveling expenses to that jurisdiction by the husband. The testimony as to such a collateral oral agreement, the majority held, evidenced an agreement “ ‘ to alter or dissolve the marriage ’ ” (p. 367) and therefore invalidated the separation agreement.
It is quite evident that this defendant stopped making the payments herein in reliance upon Viles. The circumstances here closely parallel those established in Viles. Although plaintiff lays stress upon the long period of negotiations before the separation agreement was signed, the fact is that on the same day that the separation agreement was signed and acknowledged, both parties executed powers of attorney to Mexican attorneys to appear for them in a divorce action to be instituted by the wife in the State of Chihuahua, Mexico, and on that same day defendant issued checks covering her transportation and hotel expenses.
Plaintiff’s position is not aided by incorporation of the separation agreement in the Mexican decree. The agreement was not merged in the decree nor did the decree order performance of any term contained in the agreement. And, if the Viles holding is logically maintained, the terms of the decree, whether such an invalid separation agreement is or is not merged therein, *480 should likewise he unenforcible. The separation agreement and the decree are inextricably tied up in such an issue of illegality.
However, there is a circumstance in this case which bars, defendant from invoking Viles to attack the validity of the separation agreement and the Mexican decree. Plaintiff states that on or about November 28, 1964 he remarried and is living with his present wife. Defendant?s affidavit omits any reference to his remarriage and must be deemed to have admitted it.
Thus, while defendant was attempting to relieve himself of his obligations to his former wife on the ground of alleged invalidity of her divorce, he was at the same time partaking of the benefits of the separation agreement and divorce by remarrying. Defendant knew when he remarried all the pertinent facts and evidently was of the opinion that, somehow, the court might declare the separation agreement with its provision for plaintiff invalid without affecting the divorce itself. But by his remarriage he has put himself in the position where he can no longer challenge the decree dissolving his marriage to plaintiff (Carbulon v. Carbulon, 293 N. Y. 375), and this applies as well to the question of the validity of the separation agreement as an alleged illegal contract to dissolve the marriage.
Actually, defendant could not possibly succeed in his inconsistent position. If the decree and agreement were held to be invalid, plaintiff would still be his legal wife and entitled to support in an amount equivalent at least to that provided in the agreement.
The motion for summary judgment is granted. Plaintiff is also awarded $350 counsel fees. Settle order.