OPINION OF THE COURT
Wachtler, J.
To recover taxes, interest and penalties owed, the New York State Tax Commission issued warrants on February 7, 1975 authorizing the seizure of property owned by Eloise Restaurant Associates. Defendant, Alexander Cohen, a tax compliance agent, executed these warrants on certain personal property believed to be owned by Eloise Restaurant. A notice of sale was posted on the restaurant premises on March 24, 1975.
Plaintiff, Teddy’s Drive In had perfected a security interest in the subject property on June 9, 1972 pursuant to which it had acquired title. Plaintiff contends that it informed Cohen of this fact before the day of the auction, an assertion denied by Cohen. It is conceded, however, that plaintiff’s president, Theodore Coffman, immediately before the auction began, stood on a table and announced that all items on the premises were subject to a $70,000 chattel mortgage which he held. Without making any inquiry Cohen conducted the sale.
The issue is whether Cohen may be held personally liable in conversion for having conducted the sale. Cohen argues that as a tax compliance agent, acting in the capacity of a Sheriff (Tax Law, §§ 380, 1141, subd [b]) he is immune from personal liability. Teddy’s Drive In contends that Cohen, in wholly ignoring Coffman’s announcement, so abused his official pow *82 ers that he divested himself of any immunity which otherwise might have shielded him.
The threat of legal action against public officials for their official acts carries the risk of deterred performance of important civic functions. It is for this reason that they are clothed with a limited immunity, while discharging their public responsibility (see Rottkamp v Young, 21 AD2d 373, affd 15 NY2d 831). Accordingly, a Sheriff authorized to seize property under a writ of attachment or execution is protected by this limited immunity. As long as the writ is facially valid, the officer will not be held liable for executing it even if it was erroneously issued (cf. Vittorio v St. Regis Paper Co., 239 NY 148). But the immunity is not absolute and will not shield a Sheriff who, because of his misfeasance, has stepped outside the scope of his authority (Prosser, Torts [4th ed], § 25, pp 127-129; cf. Sirles v Cordary, 49 AD2d 330, affd 40 NY2d 950).
In the present case, Cohen, acting in the capacity of a Sheriff had property auctioned with notice that the true owner of the property was someone other than the delinquent taxpayer. Having received this notice, he should have delayed the sale to inquire into the validity of plaintiff’s claim of ownership. Instead, completely ignoring the claim, he chose to proceed with the sale. These actions amount to misfeasance, and since plaintiff’s claim has proven valid, defendant is personally liable to it in conversion (People ex rel. Kellogg v Schuyler, 4 NY 173).
Accordingly the judgment appealed from should be affirmed, with costs.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones and Fuchsberg concur with Judge Wachtler.
Judgment affirmed.