**Jose M. ABELLA, Plaintiff,**

v.

**W.A. FOOTE MEMORIAL HOSPITAL, INC., a Michigan nonprofit corporation, and John Doe, Administrator of W.A. Foote Memorial Hospital, Inc.'s Employee Welfare Benefit Plan with Respect to Sick Pay Benefits, Defendant.**

**Civ. A. No. 82–60348.**

United States District Court, E.D. Michigan, S.D.

Feb. 22, 1983.

Phillip H. Berkemeier, Nichols, Britten & Berkemeier, Jackson, Mich., for plaintiff.

Jerome A. Susskind, Jackson, Mich., for defendant.

## MEMORANDUM OPINION AND ORDER

JOINER, District Judge.

This matter is before the court on the defendants' motion to dismiss for lack of jurisdiction. For the reasons given below, the motion is granted.

The plaintiff brought this action under ERISA, 29 U.S.C. §§ 1001–1381 (1975 & Supp.1981), seeking to compel the defendants to pay $596.59 for accumulated sick hours plus costs.

The plaintiff worked at the defendant hospital from 1965 until 1975 while it was owned by the Mercy corporation. The hospital was acquired by Foote in 1975 and the plaintiff continued to work there until 1980 when he retired.

While the hospital was owned by Mercy, the plaintiff accumulated 319.46 sick hours. Under Mercy policies, employees were entitled to full pay for accumulated sick hours upon termination.

When Foote acquired the hospital, the accumulated sick hours for all employees were frozen. In July of 1978, Foote entered into a contract with the International Union of Operating Engineers, Local 547, of which plaintiff was a member. Article XIX, § 1(b), of the contract says that all employees who had frozen sick leave benefits would have those benefits paid over ten years, receiving 10% of the total each year. Section 4 of Article XIX says that retired employees will receive 50% of accumulated sick leave benefits up to a total of 20 days.

When the plaintiff retired in 1980, he had received 10% of his accumulated sick leave in 1979. On retirement he received 50% of the balance. The plaintiff claims that the hospital owes him for the hours not paid. He argues that the contract provision saying that on retirement employees will get 50% of accumulated sick pay refers only to hours accumulated after 1978, the date of the agreement. He says that Foote assumed the obligation for Mercy and evidenced this by printing the hours on his check and by specifically agreeing to pay accumulated amounts owed over a period of ten years.

The plaintiff claims that this action falls under ERISA because the accumulated sick hours constitute an "employee benefit plan" under the Act:

(1) The terms "employee welfare benefit plan" and "welfare benefit plan" mean any plan, fund, or program which was heretofore or is hereafter established or maintained by an employer or by an employee organization, or by both, to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment, or vacation benefits, apprenticeship or other training programs, or day care centers ... or (B) any benefit described in section 186(c) of this title [other than pension benefits].

29 U.S.C. § 1002. While this section may appear broad enough to include the plaintiff's accumulated sick hours, closer examination shows that this is not the type of benefit the statute has been interpreted to include.

The regulations under this section exclude certain benefits categorized as payroll practices. 29 C.F.R. § 2510.3–1 (1981). This section says that the term "employee welfare benefit plan" does not include such

things as overtime pay, shift premiums, holiday pay or

(2) Payment of an employee's normal compensation out of the employer's general assets, on account of periods of time during which the employee is physically or mentally unable to perform his or her duties, or is otherwise absent for medical reasons (such as pregnancy, a physical examination or psychiatric treatment);

It appears that the Secretary interprets the statute as excluding payroll items paid out of general assets.

The plaintiff argues that the benefits he claims do not specifically fall under the section of the regulations excluding certain payroll practices because this section refers to payment of normal compensation for periods when the employee is unable to work and not to accumulated hours paid at termination.

While this interpretation of the statute and regulations is not implausible, it ignores the reality of the situation. If the plaintiff had become ill during his employment, the hours accumulated would have been available for use and would have clearly been excluded under the regulation. The fact that the plaintiff did not use his accumulated sick hours during his employment cannot change the character of the benefit and make it an "employee welfare benefit plan" under ERISA.

Furthermore, unused sick leave benefits do not fall within any of the benefits enumerated in the statute.

The accumulation of, and the payment for, excess unused sick leave does not constitute an employee welfare benefit plan because payments made by an employer as an incentive and an inducement to employees so that they do not make use of sick leave granted to them are not among the benefits described in section 3(1).

1979 ERISA Opinion Letter No. 79–48. Viewed in this way payment of accumulated sick time is an incentive plan and not a welfare benefit plan for "medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability," etc.

Both the regulations and the opinion letter indicate that it is the Department of Labor's position that accumulated sick benefits are not an employee welfare benefit plan under ERISA. The administrative interpretation of a statute by those entrusted with its enforcement is entitled to great deference. *Griggs v. Duke Power Co.,* 401 U.S. 424, 91 S.Ct. 849, 28 L.Ed.2d 158 (1970).

 The court finds that accumulated sick pay benefits are not within the statutory definition of an employee welfare benefit plan under ERISA and, consequently, this court lacks jurisdiction to hear the plaintiff's claims.

Therefore, the action is dismissed, without prejudice.

So Ordered.