740 F.2d 4
 5 Employee Benefits Ca 1731
 Jose M. ABELLA, Plaintiff-Appellant,
v.
W.A. FOOTE MEMORIAL HOSPITAL, INC., a Michigan non-profit
corporation, and John Doe, Administrator of W.A. Foote
Memorial Hospital, Inc.'s Employee Welfare Benefits Plan
with Respect to Sick Pay Benefits, Defendants-Appellees.
 No. 83-1390.
 United States Court of Appeals,
Sixth Circuit.
 Argued June 6, 1984.
Decided July 27, 1984.
 
 Phillip H. Berkemeier (argued), Jackson, Mich., for plaintiff-appellant.
 Jerome A. Susskind, Richard N. LaFlamme (argued), Dykema, Gossett, Spencer, Goodnow, & Trigg, Jackson, Mich., for defendants-appellees.
 Before MARTIN, Circuit Judge, CELEBREZZE, Senior Circuit Judge, and McRAE, Chief District Judge.*
 PER CURIAM.
 
 
 1
 Jose Abella appeals the dismissal of his ERISA claim against his former employer, the W.A. Foote Memorial Hospital. Abella v. W.A. Foote Memorial Hospital, Inc., 557 F.Supp. 482 (E.D.Mich.1983). Abella brought this action under 29 U.S.C. Secs. 1001-1381 seeking to compel the hospital to pay $596.59 for accumulated sick hours he had earned. Abella worked at the hospital from 1965 until his retirement in 1980. From 1965 through 1975, Abella accumulated 319.45 hours of sick leave. In 1975, the hospital was acquired by Foote; after the acquisition, the accumulated sick hours for all employees, including Abella, were frozen.
 
 
 2
 In 1978 the hospital and the employees' union entered into a contract that provided that all employees who held frozen sick leave benefits would have those benefits paid over ten years, receiving ten percent of the total each year. The contract also provided that retired employees would receive fifty percent of their accumulated sick leave benefits up to a total of twenty days. When Abella retired in 1980, he received ten percent of his accumulated sick leave for the year 1979, and fifty percent of the balance, in accordance with the union contract.
 
 
 3
 In the district court Abella claimed that the hospital owed him for the additional unpaid sick leave. The district court, 557 F.Supp. 482, found that accumulated sick leave did not constitute an "employee benefit plan" under 29 U.S.C. Sec. 1002. The court noted that 29 C.F.R. Sec. 2510.3-1 (1981) did not include
 
 
 4
 [p]ayment of an employee's normal compensation out of the employer's general assets, on account of periods of time during which the employee is physically or mentally unable to perform his or her duties, or is otherwise absent for medical reasons (such as pregnancy, a physical examination or psychiatric treatment)....
 
 
 5
 29 C.F.R. Sec. 2510.3-1(b)(2) (1981). Relying on this regulation, the court concluded that accumulated sick leave benefits are not within the statutory definition of an employee welfare plan under ERISA and, therefore, that it lacked jurisdiction to hear Abella's claim.
 
 
 6
 Here, although Abella concedes 29 C.F.R. Sec. 2510.3-1 excludes "payroll practices" from the definition of "employee welfare benefit plan," he nonetheless asserts that the benefits involved here do not concern "payroll practices." Instead, Abella contends the benefits in question are in reality terminal or severance benefits, which are covered as an "employee benefit plan" under 29 U.S.C. Sec. 1002. We disagree.
 
 
 7
 First, we find no fault in the factual findings or legal reasoning of the district court. Department of Labor regulations expressly declare that sick leave benefits are excluded from the definition of "employee welfare benefit plan." And as the district court noted, the administrative interpretation of a statute by those entrusted with its enforcement is entitled to great weight. Griggs v. Duke Power Co., 401 U.S. 424, 433-34, 91 S.Ct. 849, 854-55, 28 L.Ed.2d 158 (1971); Davis v. Devine, 736 F.2d 1108 at 1111-1112 (6th Cir.1984); National Steel Corp., Great Lakes v. Gorsuch, 700 F.2d 314, 321 (6th Cir.1983). Moreover, Abella has not advanced any reasoned legal argument which suggests the statute should be interpreted in a contrary fashion.
 
 
 8
 Second, we find no support in the record for Abella's claim that the benefits in issue here are in reality terminal or severance benefits. Abella has introduced no affidavits or any other evidence indicating that the benefits involved were not paid out of the hospital's general assets.
 
 
 9
 Accordingly, the judgment of the district court is affirmed.
 
 
 
 *
 Honorable Robert M. McRae, Jr., Chief United States District Judge for the Western District of Tennessee, sitting by designation