**Sherman Leslie McGRAW, Plaintiff,**

v.

**FD SERVICES, INC., Defendant.**

**Civ. A. No. 2:92–2788–18.**

United States District Court, D. South Carolina, Charleston Division.

Jan. 28, 1993.

---

Coming B. Gibbs, Jr., Charleston, SC, for plaintiff.

H. Donald Sellers, Greenville, SC, for defendant.

## ORDER

NORTON, District Judge.

This matter is before the court on plaintiff's motion to remand this case to state court.

Defendant, FD Services, Inc., discharged plaintiff, Sherman Leslie McGraw, allegedly for a conflict of interest. On August 28, 1992, plaintiff filed this action in the court of common pleas in Colleton County, South Carolina. He accuses defendant of (1) slander; (2) libel; (3) outrage; (4) breach of contract; and (6) conversion.[1] In his fourth cause of action, which is the subject of this order, plaintiff asserts that defendant breached the contract by refusing to compensate him for accrued sick leave. Defendant asserts that this cause of action implicates a federal question, *i.e.*, the Employee Retirement Income Security Act

("ERISA"), 29 U.S.C. § 1001 *et seq.* Defendant removed this action to federal court on October 5, 1992. On October 28, 1992, plaintiff moved to remand the case to state court.

■ A party may remove a civil action from a state court to a United States district court if the district court has original jurisdiction over the action. 28 U.S.C. § 1441(a). This court must strictly construe the removal statute, and resolve doubts in favor of remanding cases to state courts. *Commonwealth Film Processing, Inc. v. Moss & Rocovich,* 778 F.Supp. 283, 286 (W.D.Va.1991); *see Shamrock Oil and Gas Corp. v. Sheets,* 313 U.S. 100, 107, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941). Defendant asserts that this court has original jurisdiction over this case pursuant to 28 U.S.C. § 1331 because plaintiff's fourth cause of action implicates a federal statute.

■ "The Court determines whether an action arises under federal law by applying the well-pleaded complaint rule." *Commonwealth Film,* 778 F.Supp. at 285. A case arises under federal law when the vindication of a right under state law necessarily turns on some construction of federal law. *Franchise Tax Bd. of the State of California v. Construction Laborers Vacation Trust for Southern California,* 463 U.S. 1, 8, 103 S.Ct. 2841, 2846, 77 L.Ed.2d 420 (1983).[2]

■ The alleged federal question in this case is ERISA. ERISA preempts a state contract claim where the suit relates to an employee benefits plan. 29 U.S.C. §§ 1144(a) & (b)(2)(A), cited by *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 62, 107 S.Ct. 1542, 1546, 95 L.Ed.2d 55 (1987). Since defendant argues that ERISA preempts the state contract cause of action, the dispositive question is whether accrued sick leave, paid upon discharge, is part of an employee benefits plan as defined by

---

1. There is no fifth cause of action.

2. The Supreme Court held that
   a suit by state tax authorities both to enforce its levies against funds held in trust pursuant to an ERISA-covered employee benefit plan, and to declare the validity of the levies notwithstanding ERISA, is neither a creature of ERISA itself nor a suit of which the federal courts will take jurisdiction because it turns on a question of federal law.
   *Franchise Tax,* 463 U.S. at 28, 103 S.Ct. at 2856.

ERISA. An employee benefits plan is a program maintained by an employer for the purpose of providing its participants with

> (A) medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment, or vacation benefits, apprenticeship or other training programs....

29 U.S.C. § 1002(1).

In interpreting this statute, the Secretary of Labor stated that where

> employees are paid as a part of their regular compensation directly by the employer and ... no separate fund is established[, the employer is] not subject ... to any filing or disclosure duties under Title I of the Act. Examples of the employer practices that may receive this treatment are payment of overtime pay, vacation pay, shift premiums, Sunday premiums, holiday premiums, jury duty or military duty, make-up pay, and *pay while absent on account of illness* or excused absences.

39 Fed.Reg. 42236 (1974) (emphasis added), cited by *Massachusetts v. Morash,* 490 U.S. 107, 116, 109 S.Ct. 1668, 1674, 104 L.Ed.2d 98 (1989). "The Secretary subsequently proposed regulations excluding payment of compensation for ... paid sick leave and vacation leave from the definition of an employee benefit. 40 Fed.Reg. 24642–24643 (1975), cited by *Morash,* 490 U.S. at 116, 109 S.Ct. at 1674.[3]

The Supreme Court has not addressed the issue of accrued sick leave. However, the Supreme Court has held that accrued vacation benefits are not covered by ERISA because these types of benefits are "payable on a regular basis from the general assets of the employer and are accumulated over time only at the election of the employee." *Morash,* 490 U.S. at 116, 109 S.Ct. at 1673 (1989). In reaching this conclusion, the Supreme Court reasoned that "[i]n enacting ERISA, Congress' primary concern was with the mismanage-

ment of funds accumulated to finance employee benefits and the failure to pay employees benefits from accumulated funds." *Id.* Where a payment is typically fixed, due at known times, and does not depend on contingencies outside the employee's control, that payment does not implicate the risks that ERISA is intended to address. *Morash,* 490 U.S. at 114, 109 S.Ct. at 1673.

The Fourth Circuit has not addressed the issue of accrued sick leave. However, the Second and Sixth Circuits have held that accrued sick leave is a payroll practice and is therefore excluded from ERISA coverage. *Shea v. Wells Fargo Armored Service Corp.,* 810 F.2d 372, 378 (2d Cir.1987); *Abella v. W.A. Foote Memorial Hospital, Inc.,* 740 F.2d 4, 5 (6th Cir.1984). Both of these courts noted that the Secretary of Labor acted within his statutory powers to exclude plans for paying employees for accrued sick leave from the ERISA definition of employee benefit plan. *Shea,* 810 F.2d at 376–377; *Abella,* 740 F.2d at 5.

Defendant asserts that plaintiff's claim obviously relates to an employee benefit plan because accrued sick leave is a "benefit in the event of sickness." Defendant's opposition to motion to remand, at 9. This court disagrees with defendant's characterization of such payments. Payment for unused sick leave is not a benefit in the event of sickness, but rather an incentive to the employee to forgo use of sick leave. *See* United States Department of Labor, ERISA Opinion Letter, No. 79–48 A (July 30, 1979) (The accumulation of, and the payment for, excess unused sick leave does not constitute an employee welfare benefit plan because payments made by an employer as an incentive and an inducement to employees so that they do not make use of sick leave granted to them are not among the benefits described in [29 U.S.C. § 1002(1) ]).

---

**3.** The Secretary subsequently determined that specific plans to compensate employees for not using sick leave do not provide a benefit listed by ERISA and are not therefore an employee benefit plan. *See e.g.,* United States Department

of Labor, ERISA Opinion Letter No. 81–36A (March 26, 1981); United States Department of Labor, ERISA Opinion Letter No. 79–69A (September 2, 1979).

Defendant further argues that plaintiff actually claims severance pay, which "relates to" an employee benefit plan. Defendant's opposition to motion to remand, at 9. "[S]everance benefits, which are payable only upon termination of employment, are employee welfare benefits plans within the meaning of [ERISA]." *Morash*, 490 U.S. at 116, 109 S.Ct. at 1673. In *Abella*, the court found no support in the record for the claim that accrued sick leave benefits were in reality severance benefits. *Abella*, 740 F.2d at 5. Plaintiff "introduced no affidavits or any other evidence indicating that the benefits involved were not paid out of [the employer's] general assets." *Id.*

In this case, defendant has produced no evidence that accrued sick leave benefits were not paid out of defendant's general assets. Further, defendant has not shown that plaintiff could not have taken advantage of his accrued sick leave prior to discharge.

Plaintiff asserts that he is due a fixed sum for the accrued sick leave and that the payment was due upon termination, which is a known time. Payment for such leave does not implicate the concerns that ERISA was designed to address. This "benefit" is a payroll practice, which is not covered by ERISA. 29 C.F.R. 2510.3–1(b)(2) (Payroll practices include payment of an employee's normal compensation, out of the employer's general assets, where the employee is absent for medical reasons).

Based on the Secretary of Labor's opinions and the Supreme Court's decision in *Morash*, this court finds that, under the facts of this case, accrued sick leave is not an employee benefit as defined by ERISA, but is a payroll practice, exempt from ERISA. Therefore, ERISA does not preempt a state law contract cause of action to recover these funds. Thus, there is no federal question.

Since plaintiff's other causes of action clearly implicate only state law, this court finds it proper to remand the entire case to state court. It is therefore

ORDERED plaintiff's motion for remand be GRANTED.

IT IS SO ORDERED.