OPINION OF THE COURT
Preston S. Scher, J.
PROCEDURAL POSTURE OF THE CASE
Defendant KLM Royal Dutch Airlines moves to dismiss *413 plaintiff Annamarie Guarcello’s complaint pursuant to CPLR 3211 on the grounds that: (1) plaintiff has failed to state a cause of action, and (2) this court lacks subject matter jurisdiction over plaintiffs cause of action. For the reasons stated herein, defendant’s motion is, in all respects, denied.
It should be noted at the outset that motion practice is severely discouraged and generally inappropriate in small claims cases. (Weiner v Tel Aviv Car & Limousine Serv., 141 Misc 2d 339 [Civ Ct, NY County 1988]; Clegg v Bon Temps, 114 Misc 2d 805, 809 [Civ Ct, NY County 1982].) This is especially true where, as here, the plaintiff is a pro se litigant, "without knowledge of the rules of procedure,” because such litigants are at a substantial disadvantage. (Weiner v Tel Aviv Car & Limousine Serv., 141 Misc 2d, at 341; Clegg v Bon Temps, 114 Misc 2d, at 809.)
FACTUAL POSTURE OF THE CASE
Defendant is an airline corporation which services both interstate and foreign commerce, with a principal place of business in Elmsford, New York. Defendant hired plaintiff as a secretary in late 1987. At some point during the course of her employment, plaintiff received from defendant an employee handbook, which defendant claims contains the conditions of plaintiffs employment. This handbook provides, in part, that plaintiff will receive $25 per day of accrued sick leave upon her resignation or retirement from defendant’s employment. However, the handbook also purports to proscribe such payments for "resignations without proper notice.” Defendant contends that, pursuant to its handbook, anything less than two weeks’ notification is not "proper notice.” Plaintiff notified her supervisors orally on September 2, 1992, that she was terminating her employment with defendant as of September 10, 1992. On September 3, 1992, plaintiff provided defendant with written notice of her resignation. Plaintiff took September 10, 1992 as her last vacation day. Thus, September 9, 1992, was the last day plaintiff appeared for work at defendant’s office.
FAILURE TO STATE A CAUSE OF ACTION
Defendant claims that plaintiff failed to comply with the notice provision in its employee handbook. Defendant’s argument is that 14 days’ notice of termination is an absolute condition to recovery of accrued sick leave by any of its *414 employees. Plaintiff argues, in essence, that she has fully complied with the notice requirement contained within the handbook. Further, plaintiff contends, in the alternative, that: (1) the notice provision is unenforceable as unconscionable, and (2) she is entitled to recovery sounding in quasi contract.
I need not decide the validity of proper construction of the notice provision in the handbook, or the propriety of plaintiff’s quasi contract claim at this time. Factual issues exist as to whether plaintiff has complied with the notice provision in the handbook in the first instance. Viewing the facts in the light most favorable to the plaintiff, as I must when deciding a motion to dismiss (Arrington v New York Times Co., 55 NY2d 433, cert denied 459 US 1146 [1982]), I must assume that plaintiff has satisfied the notice requirement; plaintiff may be entitled to recovery for breach of contract.
SUBJECT MATTER JURISDICTION
"Whether or not a court has jurisdiction of the subject matter of a dispute is determined by the constitution, the statutes, and * * * the rules that confer the jurisdiction.” (Seigel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3211:ll, at 22.) In this case, defendant argues that plaintiff’s claim for accrued sick leave implicates a Federal question and is thus preempted by the Employee Retirement Income Security Act of 1974 (ERISA) (29 USC § 1001 et seq.). The general rule is that ERISA preempts a State contract claim where the suit relates to an employee benefits plan. (Metropolitan Life Ins. Co. v Taylor, 481 US 58 [1987]; 29 USC § 1144 [a], [b] [2] [A].) The dispositive issue then is whether accrued sick leave is part of an "employee benefits plan” as defined by ERISA. If so, ERISA preempts plaintiff’s cause of action. If not, however, this case is strictly a State law claim for breach of an employment contract, over which only a State court, such as this one, has jurisdiction. (Juister v Bechtel Power Corp., 1989 US App LEXIS 876, at *2 [6th Cir, Feb. 1,1989].)
Defendant correctly avers that ERISA "was aimed to occupy fully the field of employee benefit plans” (Gilbert v Burlington Indus., 765 F2d 320, 326 [2d Cir 1985]), and to establish such plans "as exclusively a federal concern.” (Alessi v Raybestos-Manhattan, Inc., 451 US 504, 523 [1981].) What is less certain, however, is whether accrued sick leave is the type of "benefit” that ERISA was designed to cover. I conclude that ERISA was *415 not so designed. The conclusion is based upon both legal principles and public policy.
In Shea v Wells Fargo Armored Serv. Corp. (810 F2d 372 [2d Cir 1987]), the Second Circuit held that accrued sick leave constitutes a "payroll practice[] excluded from ERISA coverage.” (Supra, at 378.) Although the United States Supreme Court has not addressed the issue, other circuit courts are in accord with the Second Circuit’s decision in Shea. (See, e.g., Abella v Foote Mem. Hosp., 740 F2d 4, 5 [6th Cir 1984].) "Where a payment is typically fixed, due at known times, and does not depend on contingencies outside the employee’s control, that payment does not implicate the risks that ERISA is intended to address.” (McGraw v FD Servs., 811 F Supp 222, 224 [Dist Ct, SC 1993], citing Massachusetts v Morash, 490 US 107, 114 [1989].) Under these sound legal principles, accrued sick leave is clearly the type of payment which is outside the scope of ERISA.
Public policy also guides me to the same conclusion. Payment for accrued sick leave upon termination of employment does not constitute a "benefit” conferred upon an employee during the course of his or her employment duties. Rather, it provides an incentive to forego sick leave pay until after the employment relationship is terminated. (Supra.) Thus, a suit for recovery of accrued sick leave is, in essence, really a suit for breach of an employment contract after the employment relationship has been terminated, rather than a suit under ERISA for recovery of employment benefits. Further, Federal courts strictly construe the removal statutes, and resolve doubts in favor of remanding cases back to State courts such as this one. (McGraw v FD Servs., 811 F Supp 222, supra; see, Shamrock Oil & Gas Corp. v Sheets, 313 US 100 [1941].) As such, judicial economy dictates against dismissing plaintiff’s complaint, as it will most likely end up back in this court after remand from the Federal court system.
For the reasons stated above, I hold that accrued sick leave is not part of an "employee benefits plan” as defined by ERISA. Consequently, plaintiff’s complaint states a cause of action which is strictly a State law claim for breach of an employment contract, over which this court, and not the Federal courts, have subject matter jurisdiction.
Accordingly, defendant’s motion to dismiss the complaint is, in all respects, hereby denied.