■ ANN ZIENTEK, Appellant-Respondent, v STATE OF NEW YORK et al., Respondents-Appellants. [635 NYS2d 893] —Order unanimously modified on the law and as modified affirmed without costs and judgment granted in accordance with the following Memorandum: Supreme Court should have granted the motion of plaintiff for partial summary judgment insofar as plaintiff sought a declaration that she is the owner of the real property located at 12472 Broadway in Alden, New York. Consequently, we modify the court's order by granting in part plaintiff's motion and granting judgment in favor of plaintiff declaring that she is the owner of that property.

The court also should have granted the cross motion of defendants for summary judgment dismissing plaintiff's causes of action against the individual defendants based upon their affirmative defense of qualified immunity. The record, viewed in the light most favorable to plaintiff, establishes that, on September 6, 1990, tax compliance agents (defendants) went to the premises located at 12472 Broadway to execute a tax warrant issued by the Commissioner of the New York State Department of Taxation and Finance (Commissioner). That facially valid warrant was issued against the debtor, Ann J. Moran, doing business as Annie Pasta's Pizzeria and Restaurant (the business), for her failure to pay taxes. Defendants proceeded to the address of the business, found the debtor there and executed the warrant by levying on the business, its equipment and fixtures. Plaintiff arrived shortly after defendants executed the warrant and advised them that she was the owner of the real property and the equipment and fixtures of the business. Plaintiff requested that defendants stop the execution of the warrant. When defendants requested that plaintiff provide them with proof of her ownership of the real property, and the business or its equipment or fixtures, she was unable to provide a certificate of authority for the business *(see,* Tax Law § 1134 [a] [1], [2]) or any other documentation establishing that she owned the equipment or fixtures. Defendants, therefore, rejected plaintiff's request and seized the business, along with its equipment and fixtures.

The record further shows that the debtor owed the taxes set forth in the warrant and that she had met with defendants on a number of occasions to establish a payment schedule for the taxes. At those meetings, tax compliance agents advised the debtor that, if she failed to pay her past-due taxes, the business would be seized pursuant to the Tax Law. More importantly, plaintiff was present during one of those meetings when the debtor was advised of the possibility that the business could be seized for her failure to repay her tax debt. Because plaintiff failed to respond to defendants' assertion that she knew of the debtor's tax delinquency and that there was a possibility that defendants would seize the business, she is deemed to have admitted those facts (*see, Laye v Shepard,* 48 Misc 2d 478, 480, *affd* 25 AD2d 498). Subsequent to the seizure of the business, counsel for plaintiff provided defendants with information concerning plaintiff's claims to ownership of the equipment and fixtures located at the business. There are questions of fact concerning the validity of those claims. Thus, the court properly denied plaintiff's motion for partial summary judgment insofar as it sought a declaration that plaintiff is the owner of the equipment and fixtures at 12472 Broadway.

Public officials "are clothed with a limited immunity, while discharging their public responsibility" (*Teddy's Drive-In v Cohen,* 47 NY2d 79, 82). Defendants in the instant case executed a facially valid warrant against the business of the debtor at 12472 Broadway. Consequently, they cannot be held personally liable to plaintiff based on her claim that she owned the contents of the business (*see, Teddy's Drive-In v Cohen, supra,* at 82). Unlike the tax compliance agent in *Teddy's Drive-In,* defendants refrained from selling the property upon receiving documentation in support of plaintiff's claim of ownership. Thus, there is no basis to support a claim that defendants acted outside the scope of their authority in executing the warrant (*cf., Teddy's Drive-In v Cohen, supra,* at 82).

Furthermore, defendants were entitled to summary judgment dismissing plaintiff's cause of action based on 42 USC § 1983 on an additional ground. Such a cause of action fails where it was "objectively reasonable for defendants to believe that they were acting in a manner that did not violate plaintiff's Federally protected rights" (*Higgins v City of Oneonta,* 208 AD2d 1067, 1070, *lv denied* 85 NY2d 803; *see generally, Van Emrik v Chemung County Dept. of Social Servs.,* 191 AD2d 143, 147). Because the seizure was pursuant to a facially valid warrant, and plaintiff was unable to present any documentation of her ownership of the business or its contents,

it was objectively reasonable for defendants to conclude that the seizure thereof did not violate plaintiff's Fourth Amendment right to be free from unreasonable seizures.

Finally, there is no basis in the record for plaintiff's contention that the Commissioner's issuance of the warrant pursuant to Tax Law § 1141 (b) is unconstitutional *(see generally, Matter of United Casket Co.,* 449 F Supp 261, 265, n 3, *affd* 608 F2d 1370, *cert denied sub nom. York-Hoover Corp. v United Casket Co.,* 444 US 967). Consequently, we grant defendants' cross motion and dismiss plaintiff's causes of action against the individual defendants. (Appeals from Order of Supreme Court, Erie County, Flaherty, J.—Summary Judgment.) Present—Green, J. P., Lawton, Fallon, Doerr and Balio, JJ.