■ ALISA ROSSI et al., Respondents-Appellants, v CITY OF AMSTERDAM, Appellant-Respondent, and COUNTY OF MONTGOMERY et al., Respondents. [712 NYS2d 79] —Peters, J. Cross appeals from an order of the Supreme Court (Best, J.), entered April 26, 1999 in Montgomery County, which, *inter alia*, granted a motion by defendants County of Montgomery and Ronald R. Emery for summary judgment dismissing the complaint against them.

In July 1996, as part of a City of Amsterdam police investiga-

tion of the sale of drugs out of a McDonnell Street multiple residence, Officer Thomas Di Mezza applied for a "no knock" search warrant. During such process, he directed another officer to check the address of the house; that officer reported it as 9 McDonnell Street when the correct address was 11 McDonnell Street. When the warrant was issued, it contained an accurate and specific physical description of the target residence but listed the address as 9 McDonnell Street. After the warrant was issued, the City police requested that the Montgomery County Sheriff's Department assist in its execution. David Kruger, a lieutenant with the Sheriff's Department, accompanied Di Mezza and another City police officer on a drive-by to familiarize the Sheriff's Department with the premises that were to be searched. The City police officers pointed out the wrong house, later admitting that they only looked at its number rather than at the house itself. At 11:00 P.M. on July 8, 1996, the City police, with the assistance of the Sheriff's Department, executed the search warrant against 9 McDonnell Street. This house, owned by plaintiff Vincent Rossi, was divided into three apartments rented by plaintiffs Alisa Rossi, Janine Rossi and Rudolph Lasky. The police, armed with the "no knock" warrant, used battering rams to crash through the front door of the residence.

As a consequence of the search and the conduct of the officers, an action was commenced asserting causes of action sounding in assault, battery, false imprisonment, negligence and a violation of civil rights under 42 USC § 1983. Plaintiffs sued both the City of Amsterdam and the County of Montgomery because members of the Sheriff's Department assisted in the execution of the warrant. Thereafter, all defendants moved for summary judgment; plaintiffs opposed the motions and requested summary judgment against the City. Supreme Court, agreeing that the County and defendant Ronald R. Emery, its Sheriff (hereinafter collectively referred to as the County), were immune from liability because they merely assisted in executing the warrant, granted their motion for summary judgment. As to the City, the court found issues of fact requiring a trial. While Supreme Court did not articulate a denial of plaintiffs' motion for summary judgment, such was implicated by its denial of the City's motion on the ground that triable issues of fact remained. The City and plaintiffs appeal.

Despite plaintiffs' contention to the contrary, we find the search warrant facially valid. The requirement in both the Federal and State constitutions that warrants not issue except upon probable cause particularly describing the place to be

searched (*see*, US Const 4th Amend; NY Const, art I, § 12) is satisfied if an officer who is armed with the warrant can, with reasonable effort, ascertain and identify the place intended to be searched (*see*, *People v Nieves*, 36 NY2d 396, 401; *People v Brooks*, 54 AD2d 333, 335). As they are not written by lawyers but by "police officers acting under stress, [they] are not to be read hypertechnically and may be 'accorded all reasonable inferences'" (*People v Robinson*, 68 NY2d 541, 552). In so determining whether a search warrant was supported by probable cause or contained a sufficiently particular description of its target, the critical facts and circumstances made known to the issuing magistrate at the time that the warrant application was determined become of paramount concern (*see*, *People v Nieves*, *supra*, at 402; *People v Rainey*, 14 NY2d 35, 39; *see also*, *People v Wallace*, 238 AD2d 807, 808, *lv denied* 90 NY2d 865).

Here, the record reveals that the City police demonstrated that they had obtained information that drug sales were occurring at the suspect's residence and that such information was corroborated by their surveillance. The warrant application and affidavits contained an appropriate physical description of the target residence and particularized where the suspect resided in this multiple dwelling. Despite the technical error of containing the wrong address, the warrant that was issued did enable the police, with reasonable effort, to identify the residence authorized to be searched. Thus, this technical error was not sufficient to invalidate it (*see*, *People v Davis*, 146 AD2d 942, 943-944; *see also*, *Maryland v Garrison*, 480 US 79, 87-89).

We also agree with Supreme Court's determination that the County sufficiently demonstrated that its Sheriff's Department played no role in the events leading up to the issuance of the warrant containing the error. In providing assistance to the City when executing the warrant, the Sheriff's Department had an objectively reasonable belief that it was acting in a manner that did not violate plaintiffs' rights (*see*, *Teddy's Drive In v Cohen*, 47 NY2d 79; *Baez v City of Amsterdam*, 245 AD2d 705, *lv denied* 91 NY2d 810). With limited immunity in discharging their public responsibility, they are shielded from liability (*see*, *Teddy's Drive In v Cohen*, *supra*). While plaintiffs contend that additional discovery may grant them an opportunity to acquire information sufficient to challenge the validity of such qualified immunity, it is well settled that the applicability of this doctrine should be determined in the early stages of litigation (*see*, *Baez v City of Amsterdam*, *supra*, at 707).

We are, however, unconvinced by the City's assertion that the intentional torts committed by its police were privileged and that plaintiffs have failed to establish that the City police negligently executed the warrant. While execution of a facially valid, though erroneously issued, warrant is not sufficient to foist liability upon the executing officer, "the immunity is not absolute and will not shield [an officer] who, because of his misfeasance, has stepped outside the scope of his authority" (*Teddy's Drive In v Cohen, supra*, at 82). According to the United States Court of Appeals for the Second Circuit in *Castro v United States* (34 F3d 106), a case strikingly similar to the one before this Court, "[t]hough a mere mistake in the performance of an official duty may not deprive the officer of qualified immunity, that doctrine does not shield performance that either (a) was in violation of clearly established law, or (b) was plainly incompetent" (*id.*, at 112). Here, the same City police officer conducted the investigation, applied for the warrant, supplied the description of the premises and directed the raid. Whether his conduct constituted a mistake that rose to the level of incompetence is a factual determination warranting a trial.

Next, considering plaintiffs' claimed violation of their civil rights tempered by the City's contention that plaintiffs failed to establish that an official municipal policy was responsible for such transgression, we heed the guidance of the United States Supreme Court: "[A]lthough the touchstone of the § 1983 action against a government body is an allegation that official policy is responsible for deprivation of rights protected by the Constitution, local governments, like every other § 1983 'person,' by the very terms of the statute, may be sued for constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels" (*Monell v Department of Social Servs.*, 436 US 658, 690-691). Yet here, plaintiffs failed to demonstrate either that any custom or official municipal policy of the City caused the claimed violation of their constitutional rights (*see, Higgins v City of Oneonta*, 208 AD2d 1067, *lv denied* 85 NY2d 803; *Kolko v City of Rochester*, 93 AD2d 977). While the record does reveal that as a result of this unfortunate incident, a procedure employing a checklist and attachment of a photo to the warrant was implemented, this new procedural requirement does not, in and of itself, establish that any official municipal policy or custom was responsible for the alleged violation of plaintiffs' civil rights (*see, Howe v Village of Trumansburg*, 199 AD2d 749, *lv denied* 83 NY2d 753).

Moreover, since municipal liability under 42 USC § 1983 cannot be predicated upon a respondeat superior theory, the cause of action against the City should have been dismissed (*see, Monell v Department of Social Servs., supra; see also, Higgins v City of Oneonta, supra; Howe v Village of Trumansburg, supra; Kolko v City of Rochester, supra*).

Mercure, J. P., Carpinello, Graffeo and Mugglin, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied the motion by defendant City of Amsterdam regarding the 42 USC § 1983 cause of action; motion granted to that extent, partial summary judgment awarded to the City and said cause of action dismissed against it; and, as so modified, affirmed.