OPINION OF THE COURT
Leslie E. Stein, J.
Plaintiff commenced the instant small claims action seeking recovery in the amount of $3,000, representing damages to *519 plaintiffs property sustained when members of the Albany Police Department entered a building owned by him in the execution of a “no-knock” search warrant. Defendant now moves this court for an order dismissing plaintiff’s claim; plaintiff opposes the motion. In making its determination herein, the court considered both the letter from defendant’s counsel, Timothy Austin, Esq., dated September 27, 2000 and plaintiff’s letter dated October 5, 2000.
Mr. Austin argues that plaintiffs claim should be dismissed because the damages to his premises were caused during the execution of a “no-knock” search warrant. He concedes that damage to the entryways did occur during the execution of the search warrant through the use of a battering ram, but alleges that any damage to the oven door and banister spindles was not caused by the execution of the search warrant. In any event, he asserts that the search was conducted in a reasonable manner and that any damage caused was reasonably related to the execution of the search warrant. Therefore, he contends that defendant is not liable for said damage (citing Matter of Terranova v State of New York, 111 Misc 2d 1089).
Mr. Austin further asserts that, to the extent that the search warrant application contains facts which were deemed sufficient to satisfy a Police Court Judge that probable cause existed to issue the warrant, plaintiffs contentions that the search was improper are without merit. Mr. Austin argues that there are no issues of fact which would preclude dismissal of plaintiffs claim, but that, to the extent that the court finds that a question of fact does exist as to the extent of damages alleged to have been caused, no damages should be considered other than damage to the entryways.
In response, plaintiff alleges that defendant raided his property at 376 First Street while in pursuit of a, suspect named Willie Jackson. Plaintiff further alleges that approximately one or two weeks later the police raided 378 First Street, located Mr. Jackson and arrested him. Thus, he alleges that his house was raided because of an error in the address set forth in the original search warrant. Although plaintiff acknowledges that he does not know how the error arose, he asserts that it was made by an agent of the City of Albany and, therefore, that the City should be held liable for the ensuing damages. Finally, plaintiff alleges that the upstairs apartment in his house was vacant and locked, so there was no possibility of any activity being observed there by the police or by an informant. Based upon the foregoing, he requests that the instant motion be *520 denied and that a trial be held on all of the facts, other than those which the City admits.
“It should be noted at the outset that motion practice is severely discouraged and generally inappropriate in small claims cases * * * This is especially true where, as here, the plaintiff is a pro se litigant, ‘without knowledge of the rules of procedure,’ because such litigants are at a substantial disadvantage” (Guarcello v KLM Royal Dutch Airlines, 157 Misc 2d 412, 413 [citations omitted]).
This court further notes that “[t]he rule precluding motions is particularly applicable to motions to dismiss for failure to state a cause of action” (Weiner v Tel Aviv Car & Limousine Serv., 141 Misc 2d 339, 341), since a small claims pleading is, by its nature, merely a statement given to the Clerk of the Court that is reduced to a concise, written statement (see, UCCA 1803 [a]). Thus, it has been held that “motions to dismiss under CPLR 3211 (a) (7) are rarely, if ever, applicable to small claims cases. They should be dismissed as improperly made without reaching their merits” (id., at 343).
On the other hand, it is the opinion of this court that motions to dismiss should be permitted in appropriate situations. For example, where, as here, there are limited circumstances under which plaintiff would have a right to recover from defendant as a matter of law, even if defendant did cause damages to his property, it is in the interest of judicial economy for the court to make a pretrial determination as to whether, assuming the facts alleged by plaintiff to be true, the circumstances would provide him with a legal right to recovery. If such circumstances exist, the matter should proceed to trial; if they do not, the claim should be dismissed.
Therefore, turning to the merits of the motion, the court notes that it is undisputed that the police were attempting to arrest a person suspected of drug trafficking, pursuant to a search warrant issued by a Judge of the Criminal Part of this court — clearly an action reasonably related to the promotion of the general welfare and one which served a substantial public purpose — and that, as a result of that action, plaintiff’s property was damaged. Furthermore, there is clear statutory authority authorizing the search of a home when certain requirements are met (see, CPL 690.40 [2]; 690.50 [2] [b]).
Plaintiff’s initial claim is that the search warrant issued and executed in this case was improper. Thus, this court must first determine whether or not the search warrant was valid (see, Rossi v City of Amsterdam, 274 AD2d 874, 875-876). Pursuant *521 to article I, § 12 of the New York State Constitution, “no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.” It is also well settled that “[i]n determining whether probable cause exists to support the issuance of a search warrant based upon information supplied by a confidential informant * * * [t]he affidavit in support of the search warrant must establish: (1) the reliability of the informant, and (2) the basis of his or her knowledge” (People v Pimental, 182 AD2d 80, 83 [citations omitted]).
Upon review of the application for the warrant in this case, it appears that a confidential reliable informant told the police officer that Mr. Jackson was selling crack cocaine from “376 First St second floor” and that said informant then made an electronically monitored crack cocaine purchase “from the target address.” Furthermore, the items to be seized were sufficiently described. Thus, the court concludes that probable cause existed to issue the search warrant.
However, it is also well established that the description of the place to be searched must be “ ‘such that the officer with a search warrant can with reasonable effort ascertain and identify the place intended’ ” (People v Mongno, 67 Misc 2d 815, 817, quoting Steele v United States No. 1, 267 US 498, 503; see also, Rossi v City of Amsterdam, supra). “ ‘This does not mean that hypertechnical accuracy and completeness of description must be attained but rather, from the standpoint of common sense * * * that the descriptions in the warrant and its supporting affidavits be sufficiently definite to enable the searcher to identify the * * * places * * * that the Magistrate has previously determined should be searched’ ” (People v Lemazzo, 156 Misc 2d 756, 760, quoting People v Nieves, 36 NY2d 396, 401). Of paramount concern in determining whether a search warrant contained a sufficiently particular description of its target are the facts and circumstances made known to the issuing Judge at the time that the warrant application was determined (see, Rossi v City of Amsterdam, supra, at 876). Furthermore, there is a strong preference for warrants and “ ‘the bona fides of the police will be presumed and the subsequent search upheld in a marginal or doubtful case’ ” (People v Lemazzo, supra, at 761, quoting People v Hanlon, 36 NY2d 549, 558).
In sum, defendant may be liable for defendant’s damages if the warrant did not adequately describe the premises to be searched. However, if the warrant sufficiently described the *522 premises to be searched, the mere fact that there was a technical error in setting forth the street address would not, of itself, invalidate the warrant (see, Rossi v City of Amsterdam, supra). The court further notes that, “[w]hile execution of a facially valid, though erroneously issued, warrant is not sufficient to foist liability upon the executing officer, ‘the immunity is not absolute and will not shield [an officer] who, because of his misfeasance, has stepped outside the scope of his authority’ ” (Rossi v City of Amsterdam, supra, at 877 [citation omitted]). Stated otherwise, “ ‘[t]hough a mere mistake in the performance of an official duty may not deprive the officer of qualified immunity, that doctrine does not shield performance that * * * was plainly incompetent’ * * * Whether his conduct constituted a mistake that rose to the level of incompetence is a factual determination warranting a trial” (Rossi v City of Amsterdam, supra, at 877 [citation omitted]).
In the instant matter, the application and the warrant, itself, indicated the location to be searched as “376 First St second floor in the city of Albany N.Y. described as being a two story building.” Without additional information, this court cannot ascertain whether said description is sufficiently particular. In addition, there is a question as to whether the police officers intended to search 376 First Street when they applied for the search warrant or whether the information gleaned through observation of the confidential reliable informant actually indicated that the place where the alleged illegal activity occurred was at 378 First Street. Based upon the foregoing, if the police intended to search 378 First Street and adequately described that property, but mistakenly set forth the wrong address, plaintiff may be able to establish that they negligently executed the warrant.
Although this court is not aware of any case law directly on point, it is the court’s opinion that if the law supports recovery for the incompetent execution of a search warrant, then plaintiff should also be entitled to recover damages for such negligence in supplying information in the application for the warrant. Thus, if the police erroneously placed the address and description of 376 First Street in the application and the warrant, then there may have been negligence on their part in doing so.
It is also well settled that searches, even though authorized, must still be conducted in a reasonable manner (see, Matter of Terranova v State of New York, 111 Misc 2d 1089, 1094, supra). It is not clear whether plaintiff herein is alleging that, in addi *523 tion to searching the wrong address, the manner in which defendant conducted the search was unreasonable. If the police were not negligent in searching 376 First Street, then plaintiff must demonstrate that the search was conducted in an unreasonable manner in order to recover damages.
If this were not a small claims proceeding, plaintiffs general assertions would probably be insufficient to defeat a motion to dismiss. However, given the strong public policy against even allowing such motions to be heard in small claims proceedings, it is the determination of this court that there are possible significant questions of fact. Therefore, although plaintiff has a difficult burden of proof, he should have the opportunity to subpoena appropriate witnesses and otherwise present whatever proof he may have to demonstrate that the search warrant did not describe the place to be searched with sufficient particularity, that the police did not intend to search 376 First Street, that the warrant was negligently executed and/or that the search was conducted in an unreasonable manner. In addition, there is clearly an issue of fact concerning the extent of plaintiffs damages. Therefore, a trial is also necessary to resolve that issue in the event plaintiff is successful in establishing defendant’s liability.
Based upon the foregoing, defendant’s motion to dismiss is denied and both parties are directed to appear for trial as previously scheduled on December 13, 2000 at 10:30 a.m.