OPINION OF THE COURT
Milagros A. Matos, J.
Claimant commenced the instant small claims action in the amount of $999 representing damages sustained for “loss of time from work” as a result of the New York City transit strike *937 on December 20, 2005. Defendant Transport Workers Union of Greater New York, AFL-CIO, Local 100 (TWU) now moves this court for an order dismissing claimant’s complaint.
Facts
On Tuesday, December 20, 2005, New York City transit workers walked off the job as a result of failed contract negotiations with the Metropolitan Transportation Authority (MTA). The strike, which continued through December 22, 2005, shut down all subway and bus services operated by New York City Transit Authority, Manhattan and Bronx Surface Transit Operating Authority, and Metropolitan Transportation Authority Bus (collectively NYC Transit). Estimating costs to the city at over $400 million per day, New York City Mayor Michael Bloomberg said the strike affected everything from the restaurant and hotel industries to working class New Yorkers who could lose their jobs as a result of the strike (Tom DiDonato and Tom Ziegler, New Yorkers walk as transit strike ruled illegal chttp:// www.cnn.com/2005/US/12/20/nyc.transit>, cached at chttp:// www. courts. state. ny.us/reporter/webdocs/NY_walks_as_tr ansit _strike_ruled_illegal.htm>).
One week before the strike, a preliminary injunction had been issued by the Honorable Theodore T. Jones, enjoining the TWU, its officers, directors, executive board members, members, employees, agents and representatives of these entities from violating section 210 of the Civil Service Law (commonly known as, and hereinafter, the Taylor Law) by “conducting, engaging or participating in, through any manner or means a strike, work-stoppage, sick-out, slowdown, or any other concerted activity with the intent of interrupting the normal and regular operations of the [NYC Transit]” (New York City Tr. Auth. v Transport Workers Union of Am., Sup Ct, Kings County, Dec. 13, 2005, Index No. 37469/05). After the strike commenced, Justice Jones found the TWU to be in contempt and imposed fines, stating in the contempt order that “it’s very unfortunate and disappointing when a union as such feels it necessary to violate the law in furtherance of the collective bargaining process” (New York City Tr. Auth. v Transport Workers Union of Am., Sup Ct, Kings County, Dec. 20, 2005, Index No. 37469/05).
Claimant bases its small claims action on this illegal strike. Although claimant did not provide facts or allegations particular to his cause of action, his singular claim for “loss of time from work” reflects damages resulting from his inability to report to his place of employment during the period in which *938 New York City subway and bus services were not running. Defendant moves to dismiss claimant’s cause of action on two grounds: (1) a plaintiff cannot prevail on a common-law tort or contract claim against an unincorporated association unless he alleges that every member of the association authorized or ratified the conduct complained of, and (2) a plaintiff may not recover damages under a claim predicated upon a labor union’s violation of the Taylor Law.
Discussion
Before addressing the merits of defendant’s motion to dismiss, it must be noted that motion practice is “severely discouraged and generally inappropriate in small claims cases” (Guarcello v KLM Royal Dutch Airlines, 157 Misc 2d 412, 413 [New Rochelle City Ct 1993]). This is because an unrepresented litigant, unfamiliar with the rules of procedure, is at a substantial disadvantage when facing a motion in Small Claims Court (id.). However, the court should entertain motion practice if it presents “a clear issue of law” (Clegg v Bon Temps, 114 Misc 2d 805, 809 [Civ Ct, NY County 1982]). For example, if, assuming the cause of action alleged by the claimant is true, he has no legal right to recovery, then the claim should be dismissed (id.; Senti v Ace Auto Body & Towing, Ltd., NYLJ, Aug. 11, 1998, at 23, col 4 [App Term, 2d Dept]; Selvy v Albany Police Dept., 186 Misc 2d 518 [Albany City Ct 2000]).
I. Dismissal of the Small Claims Complaint Because of Deficiencies in the Pleadings
The first ground of defendant’s motion to dismiss is that plaintiffs failure to allege in its complaint “that every member of Local 100 authorized or ratified the conduct complained of requires dismissal of the complaint under the rule of Martin v Curran.” Specifically, defendant alleges that under section 13 of the General Associations Law, a plaintiff may not prevail on such a claim unless he alleges and proves that every member of the unincorporated association authorized or ratified the conduct complained of. In Martin v Curran (303 NY 276, 280 [1951]), the Court of Appeals dismissed a plaintiffs complaint where there was “no allegation that the individual members of the union authorized or ratified the tort complained of.” Defendant argues that “[c]learly, under the rule of Martin v Curran and its progeny, any tort or contract claim(s) must be dismissed for failure to state a cause of action.”
Defendant’s motion on this ground deals with rules of pleading and procedure. Under New York City Civil Court Act § 1804, *939 the Small Claims Court “shall not be bound by statutory provisions or rules of practice, procedure, pleading, or evidence.” Under section 1803 (a), there shall be no pleading “other than a statement of his cause of action by the claimant or someone in his behalf to the clerk, who shall reduce the same to a concise, written form and record it in a docket kept especially for such purpose.” Given the informal and simplified procedure governing small claims matters, dismissal for failure to state a cause of action is “rarely, if ever, available in Small Claims Court” (Sarver v Pace Univ., 5 Misc 3d 70, 71 [App Term, 1st Dept 2004], quoting Friedman v Seward Park Hous. Corp., 167 Misc 2d 57, 58 [App Term, 1st Dept 1995]).
Here, the full text of the claim, as reflected in the small claims case card, reads “$999.00 (WORK) LOSS OF TIME FROM WORK ON 12-20-2005,” which is adequate under the liberal pleading rules of the Civil Court Act (see, e.g., Weiner v Tel Aviv Car & Limousine Serv., 141 Misc 2d 339 [Civ Ct, NY County 1988] [a claimant is not required to allege specific theories, counts, causes of actions, facts, or allegations in its small claims complaint]). Therefore, defendant’s motion to dismiss the complaint for failure to state a cause of action is denied. Since the pleading requirements of Martin v Curran are not applicable to this small claims action, this court will not address whether claimant must or would be able to prove at trial that every member of the TWU authorized or ratified the strike.
II. Dismissal of the Small Claims Complaint Because Claimant Has No Legal Basis for Recovery
Defendant contends that “the Taylor Law does not create a private cause of action for damages against a union for injuries arising from a strike in violation of the Taylor Law.” To support its argument, defendant cites Burns Jackson Miller Summit & Spitzer v Lindner (59 NY2d 314 [1983]), a suit brought by two law firms against the TWU after the 1980 New York City transit strike for damages resulting from the strike. In Burns Jackson, the firms asserted statutory rights of action under the Taylor Law as well as several common-law causes of action. The Court of Appeals held that no private statutory right of action could be implied in the Taylor Law, but explicitly found that the statute did not exclude common-law causes of action (Burns Jackson at 332 [“The conclusion that the statute is not exclusive requires that we consider the common-law causes of action asserted in the two complaints”]). Therefore, although defendant is correct in that claimant has no private right of action under *940 the Taylor Law, this court must consider claimant’s common-law cause of action.
The common-law causes of action visited in Burns Jackson were prima facie tort, public nuisance, intentional interference with business, and breach of plaintiff’s rights as third-party beneficiary of a public contract (Burns Jackson Miller Summit & Spitzer v Lindner, 59 NY2d 314 [1983]). The Burns Jackson court held that plaintiff could not recover for prima facie tort even though the strike was illegal, because it was not motivated by malevolence (id. at 333). With regard to plaintiffs public nuisance and two contractual causes of action, plaintiff was merely an “incidental beneficiary of the collective bargaining agreement” (id. at 337) who could not recover for an economic loss so “widespread as to affect a whole community” (id. at 335). The Court held that plaintiffs damages were an “incidental result of defendants’ conduct” (id.), and that imposing liability on the TWU would create an “obligation of indefinite extension to every member of the public” (id. at 337 [noting the “crushing burden that the obligation would impose” on the TWU]).
The Small Claims Court must decide any matter “in such manner as to do substantial justice between the parties according to the rules of substantive law” (CCA 1804). The rules of substantive law espoused by the Bums Jackson court apply to claimant’s cause of action for “loss of time from work” in the case at hand. Assuming the facts underlying claimant’s cause of action are true, claimant is an incidental beneficiary of the defendant’s contract and his loss of time from work was an incidental result of the strike. All New Yorkers, those that relied on NYC Transit and those that did not, were delayed, inconvenienced, or lost some time from work as a result of the strike. Whether a private citizen is suing for hundreds of dollars for his loss of time from work in Small Claims Court or a law firm is suing for millions of dollars in lost revenues in Supreme Court, the substantive law applies uniformly. Under the above common-law principles of tort and contract, claimant has no legal basis upon which this Small Claims Court may grant relief.
Conclusion
Therefore, without any basis for recovery under the rules of substantive law, this court hereby dismisses claimant’s cause of action for damages for “loss of time from work” resulting from the New York City transit strike of December 2005.