546

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. BILL SHERIFF, Appellant, v. EDWARD M. FAY, as Warden of Green Haven Prison, Respondent.— Motion by appellant to prosecute his appeal as a poor person, granted. The appeal will be heard on the original papers (including the typed minutes) and on appellant's and respondent's typewritten briefs, which shall include a copy of the opinion, if any, of the court below. The appellant and respondent are directed to file six copies of their typewritten briefs and to serve one copy on each other. Appellant's time to perfect the appeal is enlarged to the April Term, beginning March 26, 1962; appeal ordered on the calendar for said term. Motion for assignment of counsel granted. Robert J. Marvin, Esq., Rhinebeck, N. Y., is assigned as counsel to prosecute the appeal. Motion for other relief, denied. Ughetta, Acting P. J., Christ, Pette and Brennan, JJ., concur.

■ ROSE RUGGIERE, Appellant. v. ACADIA SKYLIGHT & METAL WORKS, INC., et al., Respondents.— Motion by appellant to dispense with printing the record on appeal. Motion denied. Beldock, Acting P. J., Ughetta, Christ and Pette, JJ., concur.

■ RICHARD F. RYAN, Appellant, v. MARILYN G. RYAN, Respondent.— Motion by appellant to dispense with printing the record and his brief. Motion granted to the extent of dispensing with the printing of the record; otherwise motion denied. The appeal will be heard on the original papers and on printed briefs. Beldock, Acting P. J., Ughetta, Christ and Pette, JJ., concur.

■ STANLEY SMITH, Appellant, v. A. A. TRUCK RENTING CORP. et al., Respondents.— Motion by respondents: (1) to modify the order of this court, entered June 26, 1961, so as to provide that the award of $10 costs and disbursements shall abide the determination of the action; and (2) to stay, pending such determination, the enforcement of the judgment entered July 19, 1961 for such costs and disbursements, amounting to $718.51. Motion denied, with $10 costs. Ughetta, Acting P. J., Christ, Pette and Brennan, JJ., concur.

■ ARLENE M. ALTMAN, Respondent, v. MORRIS ALTMAN, Appellant.— The first is based on defendant's cruel and inhuman treatment of plaintiff by reason of his engaging in abnormal sexual practices. The second is based both on defendant's abandonment of the plaintiff and his failure to properly provide for her support. While the first cause of action as alleged may be deficient in that it fails to comply with the provisions of rule 280, the second is good as to the abandonment; as to that ground its allegations are sufficient to comply with the rule. Since the motion to dismiss the complaint is addressed to the entire complaint and since one cause of action is sufficient, the motion was properly denied (Halio v. Lurie, 15 A D 2d 62; Advance Music Corp. v. American Tobacco Co., 296 N. Y. 79, 84). Nolan, P. J., Beldock, Christ, Pette and Brennan, JJ., concur.