■ WILLIAM B. DUFFY et al., and for All Others Similarly Situated, Respondents, v CROSS COUNTRY INDUSTRIES, INC., et al., Defendants, ELLIOTT LANDSMAN, Appellant.—Order unanimously affirmed, with costs. Memorandum: The allegations of the amended complaint concerning the acquisition by Conkey Properties, Inc. of the sole assets of Seneca Hamburg Properties, Inc. spell out a cause of action in the nature of self-dealing and corporate waste, pursuant to section 720 of the Business Corporation Law. It is alleged that defendants were officers, directors and principal shareholders of Conkey Properties, Inc. before the merger of Conkey Properties, Inc. into Computers Unlimited, Inc., which corporate name was then changed to Cross Country Industries, Inc. Defendants, directors and officers of Conkey owned all the stock of Seneca Hamburg Properties, Inc. which had as its sole asset an office building located at the corner of Seneca and Hamburg Streets in the City of Buffalo. As of 1972 the net book value of Seneca was $2,731 and on April 30, 1972 defendants caused Conkey to purchase from individual defendants all the stock of Seneca for $319,578 which Conkey paid for by a note to the individual defendants. On July 25, 1972 the individual defendants caused Conkey to dissolve Seneca and to issue second mortgages upon the Seneca and Hamburg Streets office building to the individual defendants in order to secure the notes issued by Conkey for purchase of the stock. Conkey also assumed all liabilities of Seneca. The individual defendants then caused Cross Country Industries, Inc. to transfer title to the Seneca building to a corporation known as Tram-Dot Development, Corp. for no apparent consideration. Subsequently Cross Country Industries, Inc. defaulted on the first mortgage against the Seneca Hamburg office building held by Marine Trust Company, the property was foreclosed and defendant-appellant Landsman purchased the property at the foreclosure for $89,520.58. The cause of action that Conkey would have against its officers and directors for self-dealing and corporate waste would survive the merger with Cross Country Industries, Inc. *(Platt Corp. v Platt,* 21 AD2d 116, affd 15 NY2d 705). On the face of the complaint concerning the allegations with respect to the Seneca Hamburg acquisition it would appear that Cross Country Industries, Inc. acquired the stock of a corporation which had almost no net worth, incurred a $319,000 liability to individual defendants, granted the individual defendants a second mortgage on the only asset of the acquired corporation after dissolving it, and then for no apparent consideration, transferred the Seneca Hamburg office building to an outside corporation owned by individual defendants. This transaction upon the face of the allegations permitted the individual defendants to elevate themselves from the status of shareholders of Seneca Hamburg to second mortgagees of the sole asset of Seneca Hamburg, free of the liabilities of Seneca Hamburg which had been assumed by Cross Country Industries. On the face of these allegations it would appear that individual defendants have benefited themselves in these transactions with no apparent benefit to Conkey. Plaintiffs have spelled out at least one good cause of action pursuant to section 720 of the Business Corporation Law and a motion directed to the entire complaint as it relates to the individual defendant-appellant Landsman must be denied where at least one of the causes of action is sufficient *(Advance Music Corp. v American Tobacco Co.,* 296 NY 79; *Altman v Altman,* 15 AD2d 546;

*Stoehrer v Sattler,* 18 AD2d 683; *Griefer v Newman,* 22 AD2d 696). Defendant Landsman's assertion that he resigned as a director in February, 1974 is a factual allegation which is not conceded by plaintiffs. He asks this court to treat his motion as one for summary judgment pursuant to CPLR 3211 (subd [c]). CPLR 3211 (subd [c]), however, does not permit Special Term to convert a motion under CPLR 3211 (subd [a], par 7) to a summary judgment motion without a proper notice by the court to the parties that Special Term elects to treat the motion as one for summary judgment. Absent the exercise of such discretion by the Special Term Justice and proper notice to the parties the court erred in treating it as one for summary judgment *(Rovello v Orofino Realty Co.,* 40 NY2d 633). (Appeal from order of Monroe Supreme Court,—dismiss complaint.) Present—Marsh, P. J., Moule, Cardamone, Simons and Goldman, JJ.