■    UNI-SERVICE RISK MANAGEMENT, INC., Plaintiff, v NEW YORK STATE ASSOCIATION OF SCHOOL BUSINESS OFFICIALS et al., Defendants. (Action No. 1a.) ALBERT W. LAWRENCE, Respondent, v JACK B. RIFFLE et al., Appellants. (Action No. 1.) UNI-SERVICE RISK MANAGEMENT CORP. et al., Plaintiffs, v ALBERT W. LAWRENCE et al., Defendants. (Action No. 2.)—Appeal from so much of an order of the Supreme Court at Special Term, entered June 21, 1977 in Schenectady County, as denied a cross motion for summary judgment dismissing the complaint in Action No. 1. Defendant Riffle is the president of Utica Mutual Insurance Co. and a vice-president of Uni-Service Risk Management, Inc. (Risk Management) which is a wholly owned subsidiary of Utica Mutual. Plaintiff Lawrence is a licensed insurance broker and the majority shareholder in Lawrence-Van Voast, Inc., an insurance agency. Fred Reinshagen and Anthony Spataro were officers of the Executive Safety Committee of the New York State Association of School Business Officials (executive committee). Charles Drake was counsel to the defendant and C. Theodore Carlson was counsel to Spataro and to the Association of School Business Officials. In 1974 the executive committee agreed to endorse Utica Mutual as carrier for a general insurance safety group program for school districts which were members of the Association of School Business Officials. Risk management services were to be included by Utica Mutual in the program. Plaintiff was to act as group manager for the executive committee and he was to receive his fee from premiums paid to Utica Mutual. Risk Management was retained to provide the risk management services and was to be paid a percentage of the fees paid by Utica Mutual to plaintiff. Thereafter, disagreement among the parties occurred with plaintiff and the executive committee claiming that Risk Management was providing inadequate services and Utica Mutual claiming that plaintiff was improperly refusing to pay Risk Management from the fees already paid to him by Utica Mutual. Risk Management commenced what is basically an unfair competition action against plaintiffs, Spataro, Lawrence-Van Voast, Inc., and the New York State Association of School Business Officials, Inc. Immediately subsequent to the conclusion of an examination before trial in connection with that action, denominated Action No. 1a, defendant allegedly made the slanderous remark which is the basis of Action No. 1. It is Action

No. 1 with which we are concerned on this appeal. At the time of the alleged defamation, defendant Riffle stated, in the presence of Reinshagen, Spataro, Carlson and Drake, that plaintiff had "misappropriated our funds". Two months after this statement was made Action No. 2 was commenced by Utica Mutual and Risk Management against Lawrence, Spataro and Lawrence-Van Voast, Inc., seeking recovery of the allegedly misappropriated funds. The defendants in Action No. 2 moved for an order directing a joint trial of all three actions and defendants in Action No. 1 moved for summary judgment in that action. This appeal is solely concerned with the denial of defendants' cross motion for summary judgment. Defendants contend that Riffle's statement was subject to an absolute privilege in that it was made in the course of judicial proceedings. We disagree. The statement was made before the commencement of Action No. 2 and thus an absolute privilege did not attach by reason of that proceeding (Kenny v Cleary, 47 AD2d 531). Since the examination before trial in Action No. 1a was concluded prior to the time of the statement, we are also of the opinion that that judicial proceeding cannot be used as a basis for an absolute privilege. Consequently, the statement was not subject to an absolute privilege. Defendants maintain alternatively that a qualified privilege existed and that plaintiff failed to establish the existence of actual malice. A communication is subject to a qualified privilege when it is made upon any subject matter in which the party communicating has an interest if it is made to a person having a corresponding interest (Stukuls v State of New York, 42 NY2d 272; Stillman v Ford, 22 NY2d 48). At the time of Riffle's statement, no business relationship concerning the money allegedly owed to Risk Management by plaintiff Lawrence existed between Utica Mutual or Riffle and the persons to whom the communication was made. The executive committee had withdrawn its indorsement from Utica Mutual in July, 1975 while the statement was made in January, 1976. We find no corresponding interest between defendant Riffle and the persons to whom he made the statement unless control or significant influence over plaintiff Lawrence's payment over to Risk Management were retained by the executive committee. A factual dispute exists as to the executive committee's control or influence over plaintiff's payment to Risk Management. Since issues of fact must first be determined before a determination can be made as to the existence of a qualified privilege, the motion for summary judgment was properly denied. The order, therefore, must be affirmed. Order affirmed, without costs. Sweeney, J. P., Kane, Staley, Jr., Larkin and Mikoll, JJ., concur.