■ JOHN HARRIS, Respondent, v ALCAN ALUMINUM CORPORATION, Appellant. — Order modified to grant defendant's motion for summary judgment dismissing complaint and otherwise affirmed, without costs. Memorandum: In this action brought by a former employee of defendant who alleges that he was libeled by the publication of a confidential personnel file memorandum concerning an incident which led to his termination, defendant appeals from an order which, *inter alia,* denied its motion for summary judgment without prejudice to a similar motion on the issue of qualified privilege once depositions have been completed. The memorandum states that plaintiff had been observed pumping gas from a company gas pump into his personal car when "[h]e had not asked for, or been given, permission to use Alcan gas." Plaintiff denied the implied theft of gas and claimed that it was customary at defendant's plant for employees to fill company vehicles and cars with gasoline from the company pump for company business and that because he was a foreman and used his car for company business no permission was necessary and no company rule was violated. Plaintiff alleged that the memorandum had been "maliciously published", an allegation denied by defendant which submitted an affidavit from the author of the memorandum in support of its summary judgment motion. In it he alleged that the memorandum had been written "as

part of Alcan's investigation of the allegation against its employee * * * and without any motive of malice, personal spite, or ill will towards the plaintiff." Plaintiff did not refute defendant's disclaimer of malice, but alleged that he "believes" that an examination of defendant will disclose that the memorandum was prepared "for the purposes of justifying [his] dismissal" and "to make an example" of him. Special Term found that "any evidence to show malice would necessarily lie in the defendant's knowledge" and that "plaintiff should be given an opportunity to discover such evidence, if it exists (see CPLR 3212 [f])." The Court of Appeals has said that "summary judgment is properly granted where a qualified privilege obtains and the plaintiffs offer an insufficient showing of actual malice" (Trails West v Wolff, 32 NY2d 207, 221). Plaintiff must prove by evidentiary facts that defendant was motivated by express malice or actual ill will (see Shapiro v Health Ins. Plan of Greater N. Y., 7 NY2d 56, 63; Green v Kinsella, 36 AD2d 677). "Suspicion, surmise and accusation are not enough." (Shapiro v Health Ins. Plan of Greater N. Y., supra, p 64.) A mere chance or hope that something will be uncovered which will add to the case is insufficient (see Trails West v Wolff, supra p 221). Although Special Term is empowered to deny a summary judgment motion if it appears "from affidavits submitted in opposition to the motion that facts essential to justify opposition may exist but cannot then be stated" (CPLR 3212, subd [f]), this power should not be exercised unless plaintiff's papers suggest that further discovery "would produce evidence of malice on the part of [the] defendants which would warrant a jury trial" (Dano v Royal Globe Ins. Co., 89 AD2d 817, 818). In this case there is no reason to believe that proof of malice will be developed through discovery. Plaintiff expresses his "belief" that the memorandum was prepared to justify his dismissal, but he has presented no evidentiary basis for his suspicions. Unlike Baldwin v Shell Oil Co. (71 AD2d 907), plaintiff has not demonstrated that a history of hostility existed which would have precipitated a decision by the defendant to fabricate an excuse to terminate his employment, nor has he demonstrated any other reason why defendant would take such action. He has made a conclusory allegation of malice which is based on nothing more than suspicion and surmise. This is not enough to rebut the affidavit of the author of the memorandum which denies any ill will or malice toward plaintiff. There are no facts set forth in plaintiff's affidavits to suggest that defendant was motivated by malice, ill will or a desire to injure him or that discovery would produce such proof. Concur — Simons, J. P., Moule and Schnepp, JJ.

Hancock, Jr., and Callahan, JJ., dissent and vote to affirm, in the following memorandum: We would affirm for the reasons stated at Special Term. We observe only that the accusatory memorandum was prepared and placed in plaintiff's personnel file despite his denial of wrongdoing and despite the lack of evidence contradicting his contention that he believed his conduct was permissible (a contention subsequently sustained in an unemployment compensation hearing). We do not think that plaintiff could reasonably have been expected to produce evidence (without an examination before trial) of his claim that the purpose of the memo was to justify his dismissal. For these reasons, in our opinion, Special Term properly denied defendant's motion with leave to renew. (Appeal from order of Supreme Court, Cayuga County, Lynch, J. — summary judgment.) Present — Simons, J. P., Hancock, Jr., Callahan, Moule and Schnepp, JJ.