■ JOSEPH PETRUS, Appellant-Respondent, v DONALD SMITH, Respondent-Appellant. (Appeal No. 1.) — Order unanimously modified and, as modified, affirmed, without costs, in accordance with the following memorandum: Emma Smith died in 1979 leaving a will naming her son, defendant Donald Smith, as executor and sole beneficiary. Smith renounced his appointment in favor of his maternal uncle, plaintiff Joseph Petrus. When Petrus claimed executor commissions in excess of those allowed by law, Smith hired defendant Victor Chambers, an attorney, to bring an accounting proceeding. A hearing was conducted and thereafter, outside the courthouse, Chambers called Petrus a liar and a thief in the presence of Petrus and his attorney. The next day Chambers appeared before the Surrogate, ex parte, and handed over rent receipts from a tenant of the estate, presumably establishing that Petrus had pocketed the money and perjured himself at the accounting proceeding. The Surrogate turned the matter over to the District Attorney, who called in the State Police to investigate. The matter was turned over to a Grand Jury which no-billed Petrus, who thereafter sued, alleging nine causes of action including slander, malicious prosecution, false arrest, civil conspiracy; and intentional tort. Upon a motion to dismiss, Special Term dismissed all causes of action except the fifth, alleging malicious prosecution and false arrest. All parties have appealed. We agree that Chambers' remarks to the Surrogate are cloaked with absolute immunity as statements made in the course of judicial proceedings (see *Martirano v Frost,* 25 NY2d 505, 507; Restatement, Torts 2d, § 586), and thus the third and fourth causes of action were properly dismissed. Chambers' gratuitous opinion calling Petrus a liar and a thief is not similarly immune, however. While immunity is not limited to in-court statements (see *Klein v McGauley,* 29 AD2d 418, 420), it does not extend to the instant situation (cf. *Uni-Service Risk Mgt. v New York State Assn. of School Business Officials,* 62 AD2d 1093 [finding no immunity for defendant's statement that plaintiff had misappropriated funds, made after an examination before trial (EBT) had been taken]). We agree that the statement is protected by a

qualified privilege since it relates to the accounting proceeding, a matter in which the parties have a common interest (*Stukuls v State of New York,* 42 NY2d 272, 278-279; *Rosen v Brandes,* 105 Misc 2d 506, 511-512). A qualified privilege requires plaintiff to establish malice (*Toker v Pollak,* 44 NY2d 211, 219), a fact question hinging on defendant's state of mind which is not usually amenable to summary judgment (*Rinaldi v Viking Penguin,* 52 NY2d 422, 437-438). Therefore summary judgment as to the first and second causes of action was improperly granted. The affidavits of defendants, in support of the motion for summary judgment, stating that they did not sign any warrants or give affidavits or depositions charging plaintiff with the commission of a crime are not refuted in this record. Thus, plaintiff has failed to come forward with any proof sufficient to establish that this cause of action contains a genuine fact issue which merits a trial, a basic requirement to defeat a motion for summary judgment. The claim for malicious prosecution is also insufficient, since there was no institution of judicial proceedings, the *sine qua non* of malicious prosecution (*Broughton v State of New York,* 37 NY2d 451, 457). Presentation of evidence to a Grand Jury does not constitute the commencement of criminal proceedings (see *Broughton v State of New York, supra;* Prosser, Torts [4th ed], § 119). Therefore, the fifth cause of action must be dismissed. The remaining causes of action were properly dismissed by Special Term. (Appeals from order of Supreme Court, Wayne County, Kennedy, J. — summary judgment.) Present — Dillon, P. J., Hancock, Jr., Doerr, Denman and Moule, JJ.