■ MORDECAI KOLKO et al., Individually and as Parents and Natural Guardians of ADA A. KOLKO, an Infant, et al., Appellants, v CITY OF ROCHESTER et al., Respondents. — Order unanimously modified and, as modified, affirmed, with costs to appellants, in accordance with the following memorandum: Plaintiffs appeal from an order dismissing their complaint which contained causes of action based upon alleged deprivation of their constitutional rights (US Const, 1st, 14th Amdts), violation of their civil rights (US Code, tit 42, § 1983), negligence, defamation and derivative claims. The factual circumstances are not in dispute. Defendants concede that an eavesdropping warrant had been obtained by defendant City of Rochester Police Department and that based upon information received from the wiretap, a search warrant was issued. The transcript of the taped conversation concerning a purchase of marihuana revealed that the subject of the wiretap called telephone No. 244-9871 and spoke to an unknown male. Although the number listed in the transcript was 244-9871, a transposition error in the telephone company record check incorrectly led the police to obtain a warrant for plaintiffs' address which contained a phone listed as 244-9817. On the evening of September 25, 1981, while plaintiffs were observing the Jewish Sabbath, defendants went to plaintiffs' residence, where they were granted entry upon service of the search warrant. It is alleged "the Defendants then and there informed Plaintiff MORDECAI KOLKO that his son the Plaintiff HANAN KOLKO was under suspicion of selling marijuana and that a phone conversation had taken place between his son and another person in which his son had offered to sell two pounds of marijuana". After a search of plaintiffs' premises failed to uncover any controlled substance, defendants telephoned the District Attorney's office while still at plaintiffs' residence and ascertained that they had executed the warrant upon the wrong premises. Plaintiffs thereafter instituted this action. Plaintiffs' cause of action against the municipality under section 1983 of title 42 of the United States Code was properly dismissed; there are no allegations that an official municipal policy was responsible for the alleged deprivation of plaintiffs' rights. A municipality may only be held liable under section 1983 if the action complained of was taken pursuant to official policy, and it cannot be

held liable under that section on the theory of *respondeat superior* (see *Monnell v New York City Dept. of Social Servs.,* 436 US 658, 691; *Smith v County of Livingston,* 69 AD2d 993, 995). Nor may the cause of action under section 1983 stand against the individual officers. The complaint, which attributes no more than negligence to the officers who acted pursuant to a warrant valid on its face, does not contain the necessary allegations of bad faith or unreasonable conduct in obtaining or executing the warrant (see *Madison v Manter,* 441 F2d 537; cf. *Pritz v Hackett,* 440 F Supp 592; 1 Ringel, Searches and Seizures, Arrests and Confessions [2d ed], § 22.3 [c]). Plaintiffs have not pleaded facts which would destroy the limited immunity protecting the defendant police officers while they executed the facially valid warrant in discharge of their public responsibilities (see, generally, *Teddy's Drive In v Cohen,* 47 NY2d 79, 82; *Boose v City of Rochester,* 71 AD2d 59); thus we affirm dismissal of their negligence cause of action. Special Term properly granted plaintiffs leave to replead to assert a cause of action for damages incurred after defendant officers were aware of their mistake. Plaintiffs would have to include specific allegations sufficient to constitute a cause of action for prima facie tort (see *Smith v County of Livingston, supra,* p 994). Defendants concede that the complaint alleges all elements of a cause of action for slander but contend that under the circumstances a qualified privilege exists requiring an express statement of malice. Defendants' reliance upon *Harris v Alean Aluminum Corp.* (91 AD2d 830) and *Privitera v Town of Phelps* (79 AD2d 1, app dsmd 53 NY2d 796) is misplaced. While *Harris* involved a motion for summary judgment, an affidavit by defendant established a qualified privilege and an absence of malice. In *Privitera,* the utterance at issue was not slander per se. In these circumstances, there is no doubt that the offending words charged plaintiff Hanan Kolko with a crime. The allegation that the words were maliciously spoken is sufficient to avoid dismissal at this stage of the proceeding (see *Petrus v Smith,* 91 AD2d 1190). All other causes of action were properly dismissed. Accordingly, the order is modified by reinstating the fifth cause of action for defamation. (Appeal from order of Supreme Court, Monroe County, Tillman, J. — summary judgment.) Present — Hancock, Jr., J. P., Callahan, Doerr, Denman and Moule, JJ.