■ CHRISTOPHER T. MELITO, Appellant, v CITY OF UTICA, Respondent. [620 NYS2d 648] —Judgment unanimously modified on the law and as modified affirmed without costs and new trial granted on second and third causes of action in accordance with the following Memorandum: Supreme Court erred in granting defendant's motion to dismiss at the close of the proof plaintiff's second and third causes of action for false arrest and malicious prosecution. Such a motion should not be granted "unless it is clear that there is no rational basis whereby the jury might find in favor of the plaintiff" *(Grizzanto v Golub Corp.,* 188 AD2d 1015). The non-moving party is entitled to "every favorable inference which could reasonably be drawn from the evidence" *(Rhabb v New York City Hous. Auth.,* 41 NY2d 200, 202; *see also, Spano v County of Onondaga,* 135 AD2d 1091, 1091-1092, *appeal dismissed* 71 NY2d 994), and all questions of credibility must be resolved in favor of the non-moving party *(see, Van Syckle v Powers,* 106 AD2d 711, 713, *lv denied* 64 NY2d 609). Thus viewed, the proof adduced at trial presented factual issues on plaintiff's causes of action for false arrest and malicious prosecution that rationally could have been resolved in favor of plaintiff.

Defendant argues that plaintiff's arrest pursuant to a warrant was privileged *(see, Broughton v State of New York,* 37 NY2d 451, 456, *cert denied sub nom. Schanberger v Kellogg,* 423 US 929). An arresting officer is not insulated from liability, however, if the arrest warrant was procured based upon the officer's "own false or unsubstantiated evidence" *(Boose v*

*City of Rochester,* 71 AD2d 59, 67; *see also, Gisondi v Town of Harrison,* 72 NY2d 280, 284; *Ross v Village of Wappingers Falls,* 62 AD2d 892, 896). Viewing the evidence, as we must, in the light most favorable to plaintiff, it could be concluded that the arresting officers intentionally crafted the supporting depositions to make it appear that an eyewitness could identify plaintiff, when the eyewitness could identify only the clothing worn by the perpetrators. Thus, plaintiff's second cause of action for false arrest must be reinstated.

Likewise, plaintiff's third cause of action for malicious prosecution must be reinstated. We disagree with the court's conclusion that the criminal action was not terminated in favor of the accused and the court's reliance on *Manno v State of New York* (176 AD2d 1222). Although the felony complaint was ostensibly dismissed in the interest of justice, there is no statutory authority for such dismissal *(cf.,* CPL 170.40, 210.40). Here, the felony complaint was dismissed after several adjournments because the prosecutor did not have a witness who could identify plaintiff. In our view, that dismissal was for insufficiency pursuant to CPL 180.70 (4).

Plaintiff's fourth cause of action for violation of Federal civil rights was properly dismissed because plaintiff failed to present any evidence that the incident was the result of defendant's affirmative policy or custom *(see, Kolko v City of Rochester,* 93 AD2d 977). Plaintiff does not challenge on appeal the dismissal of his first cause of action for assault and battery. (Appeal from Judgment of Supreme Court, Oneida County, Grow, J.—False Arrest.) Present—Green, J. P., Lawton, Fallon, Doerr and Davis, JJ.