■ JOHN STRATON, Individually and as Parent and Natural Guardian of ASHLEY STRATON, a Minor, et al., Appellants, v ORANGE COUNTY DEPARTMENT OF SOCIAL SERVICES et al., Respondents. [628 NYS2d 818] —In an action to recover damages, *inter alia,* for medical malpractice and false imprisonment, the plaintiffs appeal from an order of the Supreme Court, Orange County (Peter C. Patsalos, J.), dated February 1, 1994, which granted the defendants' respective motions for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

This action arose from an order of the Family Court, Orange County, which awarded temporary custody of the plaintiff Ashley Straton to the Orange County Department of Social Services (hereinafter the DSS). Ashley Straton, who has been chronically ill throughout her life, was taken to an array of doctors and hospitals, with few favorable results. One doctor suggested that Ashley be admitted for psychological evaluations, and when Mrs. Straton refused to admit her daughter, the doctor reported the Stratons to the DSS. The DSS conducted an investigation and, upon an order of the Family Court, received temporary custody of Ashley. At a custody hearing before the Family Court medical evidence was presented by the testing physicians that Ashley might suffer from Munchausen's Syndrome by Proxy, a condition in which a child becomes ill because of her parent's desire for attention, manifested by her parent's persistent insistance that she is ill.

Ashley was hospitalized and treated for approximately one year, during which time, based on the medical recommendations of six physicians, her mother was permitted no contact with her. Ultimately, the Family Court determined that Ashley's condition had not improved in the custody of the DSS, the order granting temporary custody was vacated, and Ashley was returned to her parents.

The Supreme Court properly dismissed the plaintiffs' causes of action sounding in medical malpractice. In opposition to the defendants' prima facie case for summary judgment, the plaintiffs failed to "produce evidentiary proof in admissible form sufficient to require a trial of material questions of fact on which [they] rest[ed] [their] claim * * * mere conclusions, expressions of hope or unsubstantiated allegations or assertions are insufficient" (Zuckerman v City of New York, 49 NY2d 557, 562; see, Alvarez v Prospect Hosp., 68 NY2d 320, 325; Winegrad v New York Univ. Med. Ctr., 64 NY2d 851). "Except as to matters within the ordinary experience and knowledge of lay persons, * * * expert medical opinion evidence is required to demonstrate merit" (Romano v St. Vincent's Med. Ctr., 178 AD2d 467, 470; see, Fiore v Galang, 64 NY2d 999). The plaintiffs have failed to provide any such admissible evidence.

The plaintiffs' cause of action sounding in false imprisonment must also be dismissed. In order to establish a cause of action to recover damages for false imprisonment, a plaintiff must show that: (1) the defendant intended to confine him or her, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement, and (4) the confinement was not otherwise privileged (see, Broughton v State of New York, 37 NY2d 451, cert denied sub nom. Schanbarger v Kellogg, 423 US 929). The retention of a patient by a hospital under circumstances such as those present in this case is privileged under Family Court Act § 1024 (c) and Social Services Law § 419.

We have reviewed the plaintiffs' remaining contentions and find them to be without merit. Rosenblatt, J. P., Ritter, Copertino and Hart, JJ., concur.