■ JOHN V. CHASE, Appellant-Respondent, v TOWN OF CAMILLUS et al., Respondents-Appellants, et al., Defendants. [668

NYS2d 830] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court erred in dismissing the first cause of action for false arrest and imprisonment. It is well established that, where, as here, a motion to dismiss for failure to state a cause of action is addressed to the entire complaint, the motion must be denied in its entirety if even one cause of action is legally sufficient (*see, Advance Music Corp. v American Tobacco Co.*, 296 NY 79, 84; *Great N. Assocs. v Continental Cas. Co.*, 192 AD2d 976, 978; *Duffy v Cross Country Indus.*, 57 AD2d 1063).

Further, the court erred with respect to the merits in dismissing the first cause of action. Where a warrant of arrest is issued by a court of competent jurisdiction, there is "a presumption that the arrest was issued on probable cause" (*Broughton v State of New York*, 37 NY2d 451, 458, *cert denied sub nom. Schanbarger v Kellogg*, 423 US 929). An arresting officer will not be insulated from liability, however, "if the arrest warrant was procured based upon the officer's 'own false or unsubstantiated evidence'" (*Melito v City of Utica*, 210 AD2d 888, 889, quoting *Boose v City of Rochester*, 71 AD2d 59, 67; *see, Ross v Village of Wappingers Falls*, 62 AD2d 892, 896). The first cause of action sufficiently alleges that the police knew that there was no probable cause to arrest plaintiff for harassment in the first degree (Penal Law § 240.25) and that they procured the arrest warrant as a result of the influence of defendant Kathryn M. Krisak, a member of the Town Board of the Town of Camillus.

We therefore modify the order by denying in its entirety defendants' motion and reinstating the first cause of action. (Appeals from Order of Supreme Court, Onondaga County, Nicholson, J.—Dismiss Pleadings.) Present—Pine, J. P., Lawton, Hayes, Wisner and Boehm, JJ.