■ ORRAIN LEE et al., Appellants, v CITY OF NEW YORK, Respondent. [709 NYS2d 102] —In an action to recover damages for false arrest and false imprisonment, the plaintiffs appeal from an order of the Supreme Court, Kings County (Hutcherson, J.), dated June 9, 1999, which denied their motion for summary judgment on the issue of liability and granted the defendant's cross motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

Contrary to the plaintiffs' contention, the Supreme Court did not err in denying their motion for summary judgment on the issue of liability, and granting the defendant's cross motion for summary judgment dismissing the complaint. To establish a cause of action alleging false arrest and false imprisonment, the plaintiff must show that (1) the defendant intended to confine him, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement, and (4) the confinement was not otherwise privileged (*see, Broughton v State of New York,* 37 NY2d 451, 456, *cert denied sub nom. Schanbarger v Kellogg,* 423 US 929; *Straton v Orange County Dept. of Social Servs.,* 217 AD2d 576). Here, the plaintiffs failed to establish that the confinement was not privileged. The plaintiffs were detained by the police during the execution of a search warrant. Such a detention during the execution of a facially-valid search warrant is constitutionally permissible

(see, *Michigan v Summers,* 452 US 692, 704-705; *People v Soler,* 92 AD2d 280). Furthermore, since the search warrant authorizing the plaintiffs' limited detention was issued by a Magistrate, a presumption of probable cause for the detention exists which the plaintiffs failed to rebut (see, *Broughton v State of New York, supra,* at 458). The confidential informant who supplied the police with information in this case personally appeared and testified before the Magistrate three days before the search warrant for the plaintiffs' apartment was issued, and there is no evidence that the warrant was procured based upon the false or unsubstantiated statements of a police officer (cf., *Chase v Town of Camillus,* 247 AD2d 851; *Ross v Village of Wappingers Falls,* 62 AD2d 892). Krausman, J. P., H. Miller, Schmidt and Smith, JJ., concur.