OPINION OF THE COURT
Memorandum.
Judgment unanimously affirmed without costs.
In the early morning of May 16, 1996, members of the New York City Police Department executed a “no-knock” search warrant against apartment 2R at 823 St. Johns Place in Brooklyn. The search warrant indicated that there was probable cause for believing that firearms and cocaine were present inside the “second floor apartment of 823 St. John’s Place” but did not indicate which of two apartments on the second floor was to be searched. No contraband was recovered from apartment 2R, which was occupied by plaintiffs. Plaintiffs ultimately brought an action against the defendant City of New York to recover damages for false imprisonment. Following a unified trial, the jury rendered a verdict in favor of plaintiffs, in the aggregate sum of $190,000. The trial court granted defendant’s motion to set aside the verdict and entered judgment dismissing the complaint. This appeal ensued.
In order to establish a cause of action to recover damages for false imprisonment, a plaintiff must show that: (1) the defendant intended to confine, detain or restrain him or her; (2) the plaintiff was conscious of the confinement; (3) the plaintiff did not consent to the confinement; and (4) the confinement was not otherwise privileged (see Broughton v State of New York, 37 NY2d 451, 456-457 [1975]). Since the first three elements of plaintiffs’ claim were not in dispute, defendant’s liability turned upon whether plaintiffs’ confinement was “otherwise privileged.”
Detention by police during the execution of á facially-valid search warrant is constitutionally permissible (see Muehler v Mena, 544 US 93, 98 [2005]; Michigan v Sum *13 mers, 452 US 692 [1981]). Furthermore, unlike the case of a warrantless search, when a search warrant is issued by a magistrate, there is a presumption of probable cause for the detention (see Lee v City of New York, 272 AD2d 586 [2000]; see also Broughton v State of New York, 37 NY2d 451 [1975], supra). In the instant case, plaintiffs failed to establish that their confinement was not privileged by rebutting the presumption of probable cause. Despite the fact that the warrant did not contain an apartment number, the police were able, with reasonable certainty, to identify the residence authorized to be searched (see Rossi v City of Amsterdam, 274 AD2d 874 [2000]). Nor did plaintiffs demonstrate that the warrant was improperly procured based upon the false or unsubstantiated statements of a police officer (see Lee v City of New York, 272 AD2d 586 [2000], supra; cf. Chase v Town of Camillus, 247 AD2d 851 [1998]; Ross v Village of Wappingers Falls, 62 AD2d 892 [1978]). Since the search warrant was valid on its face, and was issued by a court with jurisdiction, the executing officer had no duty to inquire into its validity, had a duty to comply with it, and the City incurs no liability for having lawfully complied with its terms (see 59 NY Jur 2d, False Imprisonment and Malicious Prosecution § 23). Accordingly, contrary to plaintiffs’ contentions, the trial court correctly set aside the jury verdict in favor of plaintiffs upon a finding that plaintiffs’ evidence at trial failed to establish a prima facie case, and properly dismissed the complaint.
In view of the foregoing, we need not reach plaintiffs’ contentions with respect to the issue of damages.
Pesce, EJ., Weston, Patterson and Golia, JJ., concur.