■ LUIS ROMAN, Appellant, v CITY OF NEW YORK et al., Respondents. [810 NYS2d 682]—In an action, inter alia, to recover damages for false arrest and deprivation of civil rights pursuant to 42 USC § 1983, the plaintiff appeals from an order of the Supreme Court, Kings County (Bunyan, J.), dated October 19, 2004, which granted the defendants' application pursuant to CPLR 4401, made upon the close of the evidence at trial, for judgment as a matter of law dismissing the complaint and, in effect, denied his cross application pursuant to CPLR 4401, made upon the close of the evidence at trial, for judgment as a matter of law on the issue of liability on the cause of action to recover damages for false arrest.

Ordered that on the Court's own motion, the notice of appeal is treated as an application for leave to appeal, and leave to appeal is granted (*see* CPLR 5701 [a] [2]; [c]; *Sholes v Meagher*, 100 NY2d 333 [2003]); and it is further,

Ordered that the order is affirmed, with costs.

Contrary to the plaintiff's contention, even affording him every favorable inference from the evidence presented, there

was no rational basis upon which the jury could have found for him on the issue of liability (*see* CPLR 4401; *Godlewska v Niznikiewicz*, 8 AD3d 430, 431 [2004]). Indeed, under the circumstances, the jury could not have rationally concluded that the decedent's confinement during the execution of a search warrant was not privileged (*cf. Lee v City of New York*, 272 AD2d 586, 586-587 [2000]), or that there was some basis for holding the defendants liable pursuant to 42 USC § 1983 (*see Zwecker v Clinch*, 279 AD2d 572, 573 [2001]; *Kandekore v Town of Greenburgh*, 243 AD2d 610 [1997]; *see also Rossi v City of Amsterdam*, 274 AD2d 874, 878 [2000]; *Melito v City of Utica*, 210 AD2d 888, 889 [1994]; *Kolko v City of Rochester*, 93 AD2d 977, 977-978 [1983]). Accordingly, the Supreme Court correctly granted the defendants' application pursuant to CPLR 4401, made at the close of the evidence, for judgment as a matter of law dismissing the complaint.

The plaintiff's remaining contentions have either been rendered academic, or are without merit. Florio, J.P., Miller, Goldstein and Lunn, JJ., concur.