■ ALI SALEH MOSHAD ALI et al., Appellants-Respondents, v CITY OF NEW YORK, Respondent-Appellant. [998 NYS2d 64]—

In an action, inter alia, to recover damages for false imprisonment, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Spodek, J.), dated December 20, 2012, as granted that branch of the defendant's motion which was pursuant to CPLR 4404 (a) to set aside a jury verdict on the issue of damages and for a new trial on the issue of damages, and the defendant cross-appeals, as limited by its brief, from so much of the same order as denied that branch of its motion which was pursuant to CPLR 4404 (a) to set aside the jury verdict on the issue of liability, which was in favor of the plaintiffs and against it, and for a new trial on the issue of liability.

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that the order is reversed insofar as cross-appealed from; and it is further,

Ordered that the matter is remitted to the Supreme Court,

Kings County, for a new unified trial on the issues of liability and damages in accordance herewith; and it is further,

Ordered that the defendant is awarded one bill of costs.

On May 9, 2007, at 6:30 a.m., pursuant to a search warrant issued by a Judge of the Criminal Court of the City of New York, New York County, officers of the New York City Police Department (hereinafter NYPD) searched the apartment in which the plaintiffs resided. A confidential informant (hereinafter CI) provided the alleged probable cause supporting the issuance of the search warrant. According to the plaintiff Ali Saleh Moshad Ali (hereinafter Ali), who was alone in his apartment at the time of the search, the officers held a gun to his head and then detained him in the hallway of his apartment building for 20 to 25 minutes while they searched his apartment. The officers did not find anything incriminating in the apartment, and concluded that they had received "[b]ad CI information."

Ali, and his wife suing derivatively, commenced this action against the City of New York, alleging, inter alia, false imprisonment. At trial, the Supreme Court did not instruct the jury as to the elements of any of the causes of action alleged in the complaint. Instead, relying upon *Delgado v City of New York* (86 AD3d 502 [2011]), the court instructed the jury with the two-prong *Aguilar-Spinelli* test (*see Aguilar v Texas*, 378 US 108 [1964]; *Spinelli v United States*, 393 US 410 [1969]) to determine the sole interrogatory on the verdict sheet on the issue of liability. The interrogatory asked the jury whether the police officers "secure[d] sufficient independent corroboration or confirmation of the details of the information provided by the confidential informant before seeking the 'no knock' warrant to enter plaintiff's apartment." The defendant objected to both the charge and the interrogatory. The jury answered the interrogatory in the negative, and awarded damages in the total sum of $508,250.

The defendant subsequently moved pursuant to CPLR 4404 (a), inter alia, to set aside the verdict on the issue of liability and for a new trial on that issue. In support of its motion, the defendant argued principally that the Supreme Court erred in its charge to the jury with respect to the cause of action alleging false imprisonment. The defendant also moved pursuant to CPLR 4404 (a) to set aside the verdict on the issue of damages. The Supreme Court denied that branch of the defendant's motion which was to set aside the verdict on the issue of liability and for a new trial on that issue, and the defendant cross-appeals, as limited by its brief, from that portion of the order. However, the Supreme Court granted that branch of the defend-

ant's motion which was to set aside the damages verdict, concluding that the damages verdict was excessive, and directed a new trial on the issue of damages only. The plaintiffs appeal, as limited by their brief, from that portion of the order.

A motion pursuant to CPLR 4404 (a) to set aside a verdict and for a new trial in the interest of justice encompasses, among other things, errors in the trial court's charge and verdict sheet (*see Allen v Uh*, 82 AD3d 1025, 1025 [2011]). In considering such a motion, the court must "decide whether substantial justice has been done, and must look to common sense, experience, and sense of fairness in arriving at a decision" (*id.*). "A trial court is required to state the law relevant to the particular facts in issue, and a set of instructions that confuses or incompletely conveys the germane legal principles to be applied in a case requires a new trial" (*J.R. Loftus, Inc. v White*, 85 NY2d 874, 876 [1995]).

To establish a cause of action alleging false imprisonment, a plaintiff must show that (1) the defendant intended to confine him or her, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement, and (4) the confinement was not otherwise privileged (*see Holland v City of Poughkeepsie*, 90 AD3d 841, 845 [2011]; *Lee v City of New York*, 272 AD2d 586 [2000]; *see also Broughton v State of New York*, 37 NY2d 451, 456 [1975]). Here, the only element at issue is whether the confinement of Ali was privileged.

The police confined Ali while executing a search warrant. Where, as here, a court issues a search warrant, there is a presumption of probable cause for the detention of the occupants of the premises to be searched, which the plaintiff has the burden of rebutting (*see Lee v City of New York*, 272 AD2d at 587). A plaintiff rebuts the presumption of probable cause by establishing that the officer procured the warrant based upon his or her own false or unsubstantiated statements (*see id.*; *Chase v Town of Camillus*, 247 AD2d 851, 852 [1998]; *Ross v Village of Wappingers Falls*, 62 AD2d 892, 896 [1978]; *see also Gisondi v Town of Harrison*, 72 NY2d 280, 284 [1988]).

The Supreme Court erred when it instructed the jury to, in effect, apply the *Aguilar-Spinelli* test to determine the validity of the search warrant. Under the *Aguilar-Spinelli* rule, as applied in a criminal prosecution, where probable cause is predicated in whole or in part upon the hearsay statements of an informant, it must be demonstrated that the informant is reliable and had a sufficient basis for his or her knowledge (*see People v Voner*, 74 AD3d 1371, 1373 [2010]). By contrast, in a trial on the issue of liability for false imprisonment, there is a

presumption of probable cause for the detention which the plaintiff must rebut with evidence that the warrant was procured based upon the false or unsubstantiated statements of a police officer (*see Lee v City of New York*, 272 AD2d at 587). We reject the plaintiffs' contention that the First Department's decision in *Delgado v City of New York* (86 AD3d 502 [2011]) establishes that it is appropriate for a jury to determine, as a factual matter, whether the police obtained sufficient corroboration of the information provided by an informant. In *Delgado*, as in the instant case, the plaintiffs commenced an action to recover damages, inter alia, for false imprisonment, arising from the execution of a search warrant. The First Department analyzed the issue of whether the defendants were entitled to summary judgment dismissing the complaint by applying the *Aguilar-Spinelli* test to determine whether the search warrant issued for the plaintiffs' apartment was supported by probable cause. The *Delgado* decision, however, does not address the presumption of probable cause arising out of a court's issuance of the warrant after a review of a warrant application, and the showing required by the plaintiff to rebut that presumption in a civil action. To the extent that *Delgado* can be read as holding that a jury in a civil action should determine whether a detention is privileged by applying standards applicable to criminal law, we disagree and decline to follow that holding.

The Supreme Court should have instructed the jury to determine whether the plaintiffs rebutted the presumption of probable cause by establishing that the NYPD presented "false or unsubstantiated statements" to the Criminal Court Judge to procure the issuance of the warrant (*see Lee v City of New York*, 272 AD2d at 587; *Chase v Town of Camillus*, 247 AD2d at 852; *Ross v Village of Wappingers Falls*, 62 AD2d at 896; *see also Gisondi v Town of Harrison*, 72 NY2d at 284).

In light of the Supreme Court's error in the charge and verdict sheet, substantial justice was not done since the jury was not instructed with the germane legal principles to be applied (*see J.R. Loftus, Inc. v White*, 85 NY2d at 876; *Allen v Uh*, 82 AD3d at 1025).

We further note that police officers executing a search warrant have "limited authority to detain the occupants of the premises while a proper search is conducted" (*Michigan v Summers*, 452 US 692, 705 [1981]), and are "privileged to use reasonable force to effectuate the detention of the occupants of the place to be searched" (*Linson v City of New York*, 98 AD3d 1002, 1003-1004 [2012]). Accordingly, if warranted by the evidence presented at the new trial, the Supreme Court should

direct the jury to determine, in the context of evaluating whether Ali's confinement was privileged, whether the police officers, even if they possessed probable cause to enter the apartment initially, exceeded the scope of their limited authority to detain the occupants of the apartment.

Accordingly, the Supreme Court should have granted that branch of the defendant's motion which was to set aside the verdict on the issue of liability, and we remit the matter for a new trial before a properly instructed jury. Because, under the circumstances of this case, the issues of liability and damages are intertwined, the new trial should encompass the issues of liability and damages (see *Carbocci v Lake Grove Entertainment, LLC*, 64 AD3d 531 [2009]; *Sokolovsky v Mucip, Inc.*, 32 AD3d 1011, 1012 [2006]). In light of our determination, we need not consider whether the damages awarded by the jury were excessive.

The defendant's remaining contentions are without merit. Chambers, J.P., Sgroi, Miller and Barros, JJ., concur.