■ AUDREY HARRIS, Individually and as Mother and Natural Guardian of COREY HARRIS and Others, Infants, Appellant, v CITY OF NEW YORK et al., Respondents, et al., Defendants. [62 NYS3d 411]—

In an action, inter alia, to recover damages for civil rights violations pursuant to 42 USC § 1983, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Genovesi, J.), dated May 20, 2015, as granted those branches of the motion of the defendants City of New York and New York City Police Department which were for summary judgment dismissing the causes of action alleging civil rights violations pursuant to 42 USC § 1983, assault and battery, and false arrest and false imprisonment insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff alleges, inter alia, that police officers employed by the defendant City of New York used excessive force in the process of executing a "no-knock" search warrant at her home. The warrant indicated that there was probable cause to believe that weapons would be found at the premises, based upon representations made by a confidential informant to the police. The plaintiff and her two teenaged sons were handcuffed for approximately two hours while officers secured and searched her home.

The plaintiff, individually and on behalf of her three infant

children, commenced this action against, among others, the City and the defendant New York City Police Department (hereinafter together the defendants), asserting, inter alia, causes of action alleging civil rights violations pursuant to 42 USC § 1983, assault and battery, and false arrest and false imprisonment. The defendants moved for summary judgment dismissing the complaint insofar as asserted against them. In the order appealed from, the Supreme Court, inter alia, granted those branches of the defendants' motion which were for summary judgment dismissing the causes of action alleging civil rights violations pursuant to 42 USC § 1983, assault and battery, and false imprisonment and false arrest insofar as asserted against them. The plaintiff appeals. We affirm.

The existence of probable cause constitutes a complete defense to a cause of action alleging false arrest and false imprisonment (*see Shaw v City of New York*, 139 AD3d 698, 699 [2016]; *Paulos v City of New York*, 122 AD3d 815, 817 [2014]). "Where . . . a court issues a search warrant, there is a presumption of probable cause for the detention of the occupants of the premises to be searched, which the plaintiff has the burden of rebutting" (*Ali v City of New York*, 122 AD3d 888, 890 [2014]; *see Lee v City of New York*, 272 AD2d 586, 587 [2000]). "A plaintiff rebuts the presumption of probable cause by establishing that the officer procured the warrant based upon his or her own false or unsubstantiated statements" (*Ali v City of New York*, 122 AD3d at 890).

Here, the defendants demonstrated their prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging false arrest and false imprisonment insofar as asserted against them. Their submission of the court-issued search warrant established, prima facie, the existence of probable cause for the detention of the plaintiff and her children during the search of her home. In opposition, the plaintiff failed to raise a triable issue of fact as to whether she could rebut the presumption of probable cause that attaches to a court-issued search warrant. This Court has rejected the application in the civil context of the "standards applicable to criminal law" (*id.* at 891) that would otherwise require a showing of "corroborative verification . . . performed by the police prior to issuance of the [subject search] warrant" (*Delgado v City of New York*, 86 AD3d 502, 509 [2011]), as well as a showing that "the officers conducted an investigation to corroborate the information . . . prior to seeking a search warrant" (*id.* at 504). Thus, the plaintiff's contention that the instant search warrant was invalid because the police did not obtain sufficient corroboration

of the information supplied by the confidential informant is without merit. Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging false arrest and false imprisonment insofar as asserted against them.

The Supreme Court also properly granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging assault and battery insofar as asserted against them. "[A] police officer executing a search warrant is privileged to use reasonable force to effectuate the detention of the occupants of the place to be searched" (*Boyd v City of New York*, 149 AD3d 683, 684 [2017]; *see Ali v City of New York*, 122 AD3d at 891). "A claim that a law enforcement official used excessive force is to be analyzed under the objective reasonableness standard of the Fourth Amendment" (*Boyd v City of New York*, 149 AD3d at 684). "The reasonableness of a particular use of force is judged from 'the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight' " (*Williams v City of New York*, 129 AD3d 1066, 1066 [2015], quoting *Washington-Herrera v Town of Greenburgh*, 101 AD3d 986, 989 [2012]; *see Boyd v City of New York*, 149 AD3d at 684-685). "The determination of an excessive force claim requires an analysis of the facts of the particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether [he or she] is actively resisting arrest or attempting to evade arrest by flight" (*Vizzari v Hernandez*, 1 AD3d 431, 432 [2003] [internal quotation marks omitted]).

Here, the defendants established, prima facie, that the officers' use of force while executing the search warrant was reasonable. Handcuffing the plaintiff and her two teenaged sons for the duration of the search was reasonable under the circumstances, given that the officers did not know who they might encounter or whether any occupants of the house might have weapons (*see Boyd v City of New York*, 149 AD3d at 685). The fact that the plaintiff was not named as a subject of the warrant did not render the conduct of the police objectively unreasonable (*see id.*). In opposition, the plaintiff failed to raise a triable issue of fact regarding the propriety of the level of force used by the police in executing the search warrant. Additionally, "a plaintiff must have sustained some injury to maintain a claim of excessive force, although that injury need not be severe" (*id.*). Here, the plaintiff failed to raise a triable issue of fact as to whether she or any of her children sustained an

injury as a result of being handcuffed or detained during the search (*see id.*; *Washington-Herrera v Town of Greenburgh*, 101 AD3d at 989; *Gagliano v County of Nassau*, 31 AD3d 375, 376 [2006]).

Moreover, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging civil rights violations pursuant to 42 USC § 1983 insofar as asserted against them. " '[A] 42 USC § 1983 action may lie against a municipality if the plaintiff shows that the action that is alleged to be unconstitutional either implement[s] or execute[s] a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers or has occurred pursuant to a practice so permanent and well settled as to constitute a custom or usage with the force of law' " (*Hudson Val. Mar., Inc. v Town of Cortlandt*, 79 AD3d 700, 703 [2010], quoting *Maio v Kralik*, 70 AD3d 1, 10-11 [2009]; *see Combs v City of New York*, 130 AD3d 862, 865 [2015]). However, a municipality "cannot be held liable pursuant to 42 USC § 1983 based solely upon the doctrine of respondeat superior or vicarious liability" (*Lopez v Shaughnessy*, 260 AD2d 551, 552 [1999]; *see Combs v City of New York*, 130 AD3d at 865; *Hudson Val. Mar., Inc. v Town of Cortlandt*, 79 AD3d at 703). Here, in opposition to the defendants' prima facie showing, the plaintiff's conclusory assertions failed to raise a triable issue of fact as to whether the alleged unconstitutional actions resulted from a policy, regulation, or custom of the City (*see Combs v City of New York*, 130 AD3d at 865; *Hudson Val. Mar., Inc. v Town of Cortlandt*, 79 AD3d at 704; *Mann v Alvarez*, 242 AD2d 318, 319 [1997]; *Pang Hung Leung v City of New York*, 216 AD2d 10, 11 [1995]; *Omni Group Farms v County of Cayuga*, 178 AD2d 977, 977 [1991]; *Willinger v Town of Greenburgh*, 169 AD2d 715, 716 [1991]; *cf. Diederich v Nyack Hosp.*, 49 AD3d 491, 494 [2008]). Dillon, J.P., Hinds-Radix, LaSalle and Connolly, JJ., concur.