Ali v City of New York (2020 NY Slip Op 04138)





Ali v City of New York


2020 NY Slip Op 04138


Decided on July 22, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 22, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2019-02030
 (Index No. 24516/07)

[*1]Ali Saleh Moshad Ali, et al., appellants,
v
City of New York, respondent.


Levine & Gilbert, New York, NY (Harvey A. Levine and Richard Gilbert of counsel), for appellants.
James E. Johnson, Corporation Counsel, New York, NY (Deborah A. Brenner and Melanie T. West of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for false imprisonment, etc., the plaintiffs appeal from a judgment of the Supreme Court, Kings County (Sylvia G. Ash, J.), entered January 10, 2019. The judgment, upon an order of the same court dated January 4, 2016, granting the defendant's oral application to dismiss the complaint for failure to prosecute, dismissed the complaint.
ORDERED that the judgment is affirmed, with costs.
The plaintiffs commenced this action against the City of New York alleging, inter alia, false imprisonment in connection with the execution of a search warrant. A confidential informant (hereinafter CI) provided the alleged probable cause supporting the issuance of the search warrant. Pursuant to the warrant, officers of the New York City Police Department (hereinafter NYPD) searched the plaintiffs' apartment, but did not find anything incriminating and concluded that they had received "[b]ad CI information" (Ali v City of New York, 122 AD3d 888, 889 [internal quotation marks omitted]).
At the first trial in this action, the Supreme Court did not "instruct the jury as to the elements of any of the causes of action alleged in the complaint" (id. at 889). Instead, relying on Delgado v City of New York (86 AD3d 502), the court instructed the jury with the two-prong Aguilar-Spinelli test (see Spinelli v United States, 393 US 410; Aguilar v Texas, 378 US 108) to determine the sole interrogatory on the verdict sheet on the issue of liability (see Ali v City of New York, 122 AD3d at 889). The interrogatory had asked the jury whether the police officers " secure[d] sufficient independent corroboration or confirmation of the details of the information provided by the confidential informant before seeking the "no knock" warrant to enter plaintiff's apartment'" (id.). "The jury answered the interrogatory in the negative, and awarded damages" (id.).
On appeal, this Court held that the Supreme Court "should have instructed the jury to determine whether the plaintiffs rebutted the presumption of probable cause by establishing that the NYPD presented false or unsubstantiated statements' to the Criminal Court Judge to procure [*2]the issuance of the warrant" (id. at 891). This Court rejected the notion that "it is appropriate for a jury to determine, as a factual matter, whether the police obtained sufficient corroboration of the information provided by an informant" and remitted the matter for a new trial (id.).
Prior the retrial, the Supreme Court granted the defendant's motion in limine to preclude the plaintiffs from offering evidence that the police were negligent in failing to investigate, corroborate, or confirm the details received from the confidential informant. The plaintiffs' counsel refused to present any evidence, stating that he would treat the preclusion as a dismissal. The defendant made an oral application to dismiss the complaint for failure to prosecute, which the court granted. By order dated January 4, 2016, the court memorialized its rulings from the trial colloquy granting the defendant's oral application to dismiss the complaint. The plaintiffs appeal from the judgment entered upon the order. We affirm.
To prevail on a cause of action alleging false arrest or false imprisonment, a plaintiff must prove (1) intentional confinement by the defendant, (2) of which the plaintiff was aware, (3) to which the plaintiff did not consent, and (4) which was not otherwise privileged (see Nolasco v City of New York, 131 AD3d 683). "The existence of probable cause constitutes a complete defense to a cause of action alleging false arrest and false imprisonment" (Harris v City of New York, 153 AD3d 1333, 1334). Unlike in a criminal prosecution, where the hearsay statements of an informant can only constitute probable cause if it is demonstrated that the informant is reliable and had a sufficient basis for his or her knowledge, in a trial in a civil action alleging false arrest or false imprisonment, it is not "appropriate for a jury to determine, as a factual matter, whether the police obtained sufficient corroboration of the information provided by an informant" (Ali v City of New York, 122 AD3d at 891; see Harris v City of New York, 153 AD3d at 1334-1335). In a civil action resulting from the detention of the occupants of premises searched pursuant to a search warrant, "there is a presumption of probable cause for the detention which the plaintiff must rebut with evidence that the warrant was procured based upon the false or unsubstantiated statements of a police officer" (Ali v City of New York, 122 AD3d at 890-891; see Harris v City of New York, 153 AD3d at 1334). Accordingly, the Supreme Court did not improperly preclude the plaintiffs from offering evidence or argument at the retrial relating to the police officers' alleged failure to investigate or corroborate the information provided by the CI (see Harris v City of New York, 153 AD3d at 1334; Ali v City of New York, 122 AD3d at 890-891).
The plaintiffs' remaining contention is academic.
DILLON, J.P., MILLER, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court